# HENRY OLIN

*v.*

# JOHN BATE *et al.*

*Filed at Ottawa November 17, 1880—Rehearing denied March Term, 1881.*

1. CONTRACT—*of doubtful propriety, not enforcible in equity.* An agreement to admit a person into a medical institute and assist in the graduation, and granting to him a diploma, in consideration of such person abandoning a fictitious name nearly the same as that of the other party, who was a member of the faculty, is of such doubtful propriety that equity will not lend its aid to enforce it. The granting of diplomas to students in colleges ought not to be made the subject of private contracts with individual members of the faculty for personal advantage to themselves.

2. INJUNCTION—*to prevent use of fictitious name similar to the name of complainant.* A bill, by Henry Olin, who was a physician treating diseases of the eye and ear in the city of Chicago, charged that the defendant Bate had assumed the fictitious name of Andrew G. or A. G. Olin, and was engaged in practicing his profession in the same city, whose business was treating venereal diseases, and that in such name he advertised extensively, both in the newspapers and by publications and pamphlets largely circulated, by which means the complainant's reputation was injured, many taking him for the defendant. It appeared that the defendant had been practicing in the city under the same name before the complainant came there. The bill sought to enjoin the defendant from the use of the name Olin. On the hearing the bill was dismissed: *Held,* that the bill was properly dismissed, for want of equity.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Mr. WILLIAM H. KING, and Mr. FREDERICK W. PACKARD, for the appellant:

The damage by diversion and threatened diversion of business is irreparable. The damage to reputation is a direct injury to appellant's business and the good will thereof; and the elements of certainty for the computation of the extent of such injury are not obtainable, from the very nature of

things. The only adequate remedy is by injunction. 1 Story's Eq. Jur. sec. 33; Wood on Law of Nuisances, 817.

The acts of appellees, by reason of their effects in misleading customers of appellant from resorting to him, are actionable, and because actionable and because calculated to mislead the public, equity will enjoin a repetition of those acts. *Hookham* v. *Pottage,* 8 Law Rep. Ch. App. Cas. 95; *Riding* v. *Smith,* 1 Ex. D. 91; *Saxby* v. *Easterbrook,* 3 C. P. D. 339; *Western Counties Manure Co.* v. *Lawes Chemical Manure Co.,* L. R., 9 Ex. 218.

A court of equity will enjoin a person from using the name or device previously used by another in trade, and will do this for two reasons : *First*—To protect the public against fraud and imposition. *Second*—To secure to the industrious trader the fruits of his skill. Upton on Trade Marks, 28, 213 ; *Gillott* v. *Easterbrook,* 47 Barb. 455; *Millington* v. *Fox,* 3 Milne & Craig (Ch.) 338; 2 Story's Eq. Jur. secs. 950, 951b.; *Jerome* v. *Bigelow,* 66 Ill. 452 ; Kerr on Inj. 362, 372 ; *Gilbert* v. *Mickle,* 4 Sandf. Ch. 357; *Edwards* v. *Allonez Mining Co.* 38 Mich. 51.

Appellee Bate is using the name of Olin in direct breach of his express agreement. It was performed in good faith by appellant. He obtained the advantage of a diploma he sought and now defies appellant and his rights, and equity demands that he be compelled to perform his part. 1 Story's Eq. Jur. secs. 30, 717 a, 722 a; Kerr on Inj. (2d. ed.) 395, 402, 407.

Messrs. OSGOOD & RIGGLE, and Mr. FRANK BAKER, for the appellees :

The fact that appellees use the name of Andrew G. Olin or A. G. Olin in their business is no ground for equitable relief against them, because:

1. They have not taken or used the name of appellant, Henry Olin.

2. It is not claimed that appellant and appellees were engaged in the same business.    *Clark* v. *Freeman*, 11 Beav. 112.

The alleged contract can not avail the appellant.    The granting of medical diplomas is not the proper subject of bargain between the faculty and a candidate; besides, the contract is within the Statute of Frauds.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Without any discussion of the legal questions raised, but assuming the law to be as complainant insists it is, the facts proven make no case warranting equitable relief against either defendant under the bill exhibited against them.    The bill was brought by Henry Olin to restrain John Bate and Edward Osborne from using the name or title of complainant, or any name so like it as might mislead the public, to his prejudice.    Complainant is a physician, and has practiced his profession for many years, but gives particular attention to diseases of the ear and eye.    His office is in the city of Chicago, where he has practiced since 1870.    It is alleged defendants are physicians, and are what are known as specialists, giving attention to chronic and sexual diseases of men and women; that they advertise their business in the newspapers, and that they have published pamphlets, or books, that tend to corrupt public morality.    It is also charged, the business conducted by defendants is disreputable; and because it is understood and believed by many people in Chicago and elsewhere that complainant is the "Dr. Olin" mentioned in the advertisements and books published by defendants, he insists his professional reputation is impaired and blemished, and that he is, by the acts and doings of defendants, under the name of "Dr. Olin," brought into disrepute as a physician.    An amendment to the bill, made by leave of court, sets forth that, in 1875, defendant Bate applied for admission, as a student, to "Burnett Medical College," of which insti-

tution complainant at the time was a member of the faculty; and that defendant, in consideration complainant would consent to his admission, agreed to abandon the fictitious name of Olin, and engage only thereafter in a reputable business. On the understanding and agreement alleged, complainant assisted in the graduation and granting to Bate a diploma, which, it is alleged, he could not have obtained without the consent of complainant. Answers were filed by both defendants, and on the hearing in the Superior Court, the bill was dismissed for want of equity. That decree was affirmed in the Appellate Court, and complainant brings the case to this court on appeal.

No importance need be attached to the agreement set forth in the amended bill, that defendants would abandon the use of the fictitious name of " Olin," if complainant would consent to the admission of Bate to the medical college, and would assist in the graduation and granting to him a diploma, for the reason, a contract of the nature of the one insisted upon is of such doubtful propriety that equity will not lend its aid to enforce it. The granting of diplomas to students in colleges ought not to be made the subject of private contracts with individual members of the faculty for personal advantage to themselves. They should only be granted on account of the moral standing of the students, and on account of their proficiency in the studies taught in such institutions.

There can be no pretence that defendant Osborne ever assumed the name of " Olin." The utmost he did was to assist Bate in his professional duties, and that he did in his own name. Nor is there any proof that Bate ever assumed the full name of complainant. The proof shows that before he came to Chicago to reside he assumed the name of Andrew G. Olin, and since then has been known as " Andrew G. Olin," " A. G. Olin " and " Dr. Olin," in his profession. But that is not complainant's name, and never was. His name is " Henry Olin." Defendant has never advertised himself as " Henry Olin," and, so far as this record discloses,

never represented to any that he was "Henry Olin." Their professions are totally distinct as to the diseases they profess to treat. Persons desiring treatment for diseases each professes to cure would not be likely to call upon one for the other, unless grossly careless. Such mistakes would be of rare occurrence, and it would be absurd to say that the few that might occur would amount to "irreparable injury" to either party. Whether the business defendants are pursuing is disreputable or not, can not be made the ground of equitable relief in favor of complainant. Offences against public morality, where any exist, can be more appropriately redressed in the name of the people, against the body of whom the offence is.

Complainant complains that he is subjected to embarrassment, and perhaps disgrace, on account of the conduct of defendants, assuming a name nearly like his own. Should that fact be conceded, but which does not appear in any proof, he has elected of his own volition to expose himself to it. Bate had assumed the name under which he chose to transact his professional business, and located in Chicago long before complainant came there to reside. No equitable considerations, therefore, arise in favor of complainant, for whatever embarrassments to which he may be subjected, if any, come to him from his own selection of a location in which to practice his own profession.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE DICKEY: I do not concur in this decision.