(32 Misc. Rep. 351.)

## SCHEER v. AMERICAN ICE CO.

(Supreme Court, Special Term, New York County. August, 1900.)

TRADE-NAME—ILLEGAL USE OF NAME OF INDIVIDUAL—INJUNCTION.

 The unauthorized use by another of one's individual name, by printing it in large letters upon ice wagons, issuing cards and billheads in his name as a dealer in ice, conducting correspondence under the same title, and indorsing checks made to such person's order, is such an injury to the person's right of property—to the exclusive use of his own name—as will be restrained by injunction, notwithstanding a contract by such person not to engage in the ice business for a term of years.

Action by John W. Scheer against the American Ice Company to enjoin defendant from doing business in plaintiff's name. Motion to continue injunction pendente lite granted.

Einstein & Townsend (Clarence J. Shearn, of counsel), for plaintiff.
Daly, Hoyt & Mason (William Rand, Jr., of counsel), for defendant.

GIEGERICH, J. This is an application to continue an injunction pendente lite, restraining the defendant from doing business under the plaintiff's name. The facts, as stated in the complaint and moving affidavit, are as follows: The plaintiff was, prior to April 4, 1900, engaged in the retail sale and delivery of ice, but on that date sold his business, consisting of one wagon, team and ice route, to the defendant company. It is stated, and not denied, that there was no provision in the contract of sale that the defendant should have the right to use the plaintiff's name, although there was a provision that the plaintiff should not engage in the ice business in the state of New York for a period of five or ten years without the defendant's permission. After making the purchase the defendant printed the plaintiff's name in large letters on other wagons, and also issued a large number of cards bearing the following inscription: "John W. Scheer, Dealer in Hygeia and Natural Ice, No. 536 West Thirty-Eighth street, New York. Orders by mail promptly attended to." Bill heads and forms of contracts were also printed, and correspondence was carried on in plaintiff's name. Checks to his order were indorsed with his name and collected by the defendant. The defendant resists the motion solely on the ground that no right of property belonging to the plaintiff has been injured, and relies upon De Wick v. Dobson, 18 App. Div. 399, 46 N. Y. Supp. 390, and other cases which have held that an injunction cannot be issued to restrain the publication of a libel. But this is plainly not an action for libel, although some of the elements of damage enumerated in the complaint are similar to those in libel,—such, for instance, as "bringing the plaintiff's name into disrepute by making it appear that plaintiff acquiesces in such fraudulent and wrongful scheme in furtherance of defendant's monopoly." The cause of action, however, is not libel, but is for the unauthorized use of the plaintiff's name. The exclusive use of one's own name, except as against those having the same name, is a property right which has long been recognized in judicial decisions, and the fact that the plaintiff bound himself not to engage in the ice business for a term of years did not, in the absence of an express agreement to that effect, entitle the de-

fendant to use his name in that business. Howe v. Searing, 6 Bosw. 354; Reeves v. Denicke, 12 Abb. Prac. (N. S.) 92; Morgan v. Schuyler, 79 N. Y. 490. See note 35 Am. Rep. 546. It would seem to be a proposition hardly requiring argument that every man is the custodian of his own reputation, and is entitled to say who shall do business, and what business shall be done, under his name. If it were necessary, however, to point out specific and substantial injuries which the plaintiff is exposed to by reason of the unauthorized acts complained of, it would not be difficult to do so. He is, for example, subject to the cost and vexation of suits that might be brought against him by reason of things that may happen in the business carried on in his name. So, too, he might suffer detriment in case he should engage in future in some other line of business, and seek to obtain his former patrons as customers, whom he might then find prejudiced against him by reason of the acts now being done in his name. Without going further, it is enough to say that the injunction should be continued.

Motion granted, with $10 costs.