## EDISON v. HAWTHORNE et al.

(Circuit Court of Appeals, Third Circuit. May 10, 1901.)

### No. 19.

TRADE-NAMES—USE OF INVENTOR'S NAME ON SIGN—RIGHT TO INJUNCTION.

Defendants were formerly agents for the sale of phonographs which are the invention of the complainant, Edison, and commonly known as the "Edison Phonograph." While such agents they placed over their place of business a sign reading "The Edison Phonograph Agency," which sign they allowed to remain after the termination of their agency, although they continued to sell phonographs. Complainant neither manufactured nor sold phonographs, but was a stockholder in the corporations which manufactured and sold the same. *Held*, that the sign did not imply that defendants were agents for complainant, but only that they were agents for the sale of the machine known as the "Edison Phonograph," and that complainant had no pecuniary interest in the matter, either as an individual or as a stockholder, which entitled him to maintain a bill to enjoin such use of his name.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 106 Fed. 172.

Howard W. Hayes, for appellant.

E. C. Rhoads, for appellees.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. The material facts of this case are sufficiently stated in the opinion of the court below, as follows:

.  "The defendants are merchants of the city of Philadelphia, and (among other articles) deal in phonographs, graphophones, and supplies for such instruments. A sign above their place of business displays the words, 'The Edison Phonograph Agency;' and the object of this bill is, to quote from ·the principal prayer, 'that the said defendants may be restrained from using the name "Edison Phonograph Agency" in connection with the said business carried on by them, and from using your orator's name, or any part thereof, in connection with their said business, and from holding themselves out in ·any way as agents of your orator.' The use of the sign began in October, 1894, or thereabouts, when the relation of the defendants to the sale of the Edison phonograph justified them in so describing this branch of their business. They were then actively employed in advertising and advancing the sale of the Edison phonograph, and were properly described as agents for the sale of this instrument. In the early part of the year 1899, however, these relations came to an end with some abruptness, and since that time, although they still sell Edison phonographs, they are in no sense agents, either for the corporation that manufactures the phonographs, or for the corporation that sells them. Mr. Edison, as an individual, neither manu-·factures nor sells."

It is not necessary to the decision of this appeal that we should ⸱consider any general question respecting the authority of a court of equity to restrain the unauthorized use of a person's name, where, by such use, a property right of that person is injuriously affected. The present case must be determined with reference to its special circumstances, and this the learned counsel of the appellant has recognized by submitting an argument based upon the three propositions which will now be referred to.

1. It is contended that the words "The Edison Phonograph Agency" imply to the public that the persons using them are agents for Thomas A. Edison; and, if we could affirm this statement, the conclusion deduced from it, that "therefore Mr. Edison may prevent the unauthorized use of the term," would, no doubt, be warranted. But we cannot agree that, as here used, the word "agency" re-· lates, or would be understood to relate, to Mr. Edison. The apparent and natural meaning of the term is not that the persons ⸱using it are agents of Mr. Edison, but that they constitute an agency for the sale of the machines which are known as "Edison Phonographs."

2. The words "Edison Phonograph" designate a particular machine. They do not import that Mr. Edison has anything to do with making such machines. Therefore the appellant's contention that Mr. Edison is entitled to prevent the unauthorized use of these words, because of their supposed implication that he is concerned in the manufacture of the phonographs referred to, is without foundation.

3. The proposition that Mr. Edison is entitled to prevent the appellees from calling themselves "The Edison Phonograph Agency," because he has a pecuniary interest in preventing those who are not duly-authorized agents for the selling of Edison phonographs from holding themselves out as such, is unsupported in point of fact. He neither manufactures nor sells them. The rights to manufacture and to sell are vested in corporations, in each of which he is, it is true, a stockholder, but which, as was said by the court below, "are nevertheless distinct legal entities, and, if any person

is injured by the defendants' sign, it is they, or one of them, and not he."

The case was, in our opinion, adequately considered and correctly decided by the circuit court, and therefore its decree is affirmed.