MORRIS OHLBAUM, Respondent, v. EDUARDO CORREA and Others, Appellants.

First Department, July 13, 1917.

Injunction — right to restrict use of trade name after surrendering right thereto to another.

A person, even after he has surrendered to another the right to use his name in business, still preserves sufficient interest in it to prevent its use by a stranger.

Hence, where one of two brothers who had the right by the dissolution of a partnership agreement to continue the business and use the firm name, dies and another person or corporation assumes the right to use said name, the other brother is entitled to injunctive relief against the stranger's appropriation of said name.

APPEAL by the defendants, Eduardo Correa and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of March, 1917, granting plaintiff's motion for judgment on the pleadings.

*Phanor J. Eder*, for the appellants.

*Jerome F. Katz*, for the respondent.

SCOTT, J.:

The pleadings upon which the motion was made are a complaint and a demurrer. The case made by the complaint is, that plaintiff and his brother Simon Ohlbaum were once copartners in business under the firm name of Ohlbaum

Brothers and as such became well and favorably known in the trade; that in 1909 the copartnership was dissolved, Simon Ohlbaum purchasing all of plaintiff's interest in and assets of the business. By the dissolution agreement it was stipulated that said Simon Ohlbaum should " have the right and privilege to continue said business under the old firm name of Ohlbaum Brothers." Simon Ohlbaum died in 1916, and since that time no person or corporation has acquired the right to use the name Ohlbaum Brothers; notwithstanding which, the defendants, no one of whom is named Ohlbaum, have used the name Ohlbaum Brothers as their trade name in carrying on business.

Upon this state of facts, admitted by the demurrer, we think that plaintiff is entitled to injunctive · relief against defendants' appropriation of the name. Even after a man has surrendered to another the right to use his name in business, he still preserves sufficient interest in it to prevent its use by any casual stranger. Of course there may be circumstances under which the defendants can justify the use of the firm name in question. If these are alleged they will constitute a possible defense to the action. But no such circumstances are pleaded, and we may not call upon our imagination to supply them. All we have to consider is the complaint; and confining our attention solely to that, and not undertaking to anticipate any defense which may hereafter be pleaded, we think that the order appealed from is right.

The order should be affirmed, with ten dollars costs and disbursements to respondent, with leave to appellants to withdraw the demurrer and to answer within twenty days upon payment of all costs to the date of service of the answer.

DOWLING, SMITH, PAGE and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, with leave to appellants to withdraw demurrer and to answer on payment of all costs to date of service of answer.