JOHN M. PFAUDLER, Plaintiff, *v.* THE PFAUDLER COMPANY, Defendant.

(Supreme Court, Monroe Special Term, February, 1921.)

Pleading — when complaint demurrable — corporations — use of surname — Civil Rights Law, §§ 50, 51.

In the absence of equitable considerations, a complaint against a corporation that its use of plaintiff's surname for advertising or trade purposes constitutes a violation of the statute (Civil Rights Law, §§ 50, 51), which prohibits such use, is demurrable on the ground that under the statute alone, the plaintiff is not entitled to an injunction or damages for such alleged use of his surname.

MOTION for judgment on demurrer.

McGuire & Wood (J. Sawyer Fitch, of counsel), for demurrer.

McInerney & Bechtold, opposed.

Rodenbeck, J. The cause of action alleged in the complaint rests upon the question whether or not the use of the plaintiff's surname by the defendant constitutes a violation of the Civil Rights Law (§§ 50, 51) which prohibits a corporation from using the name of a person for advertising purposes or for purposes of trade. There are no equitable considerations stated in the complaint. There is no charge of unfair competition or that the plaintiff has been specially injured in his character, reputation or property. It is alleged that the plaintiff gave the defendant permission to use the name "Pfaudler" in connection with the words "Vacuum Fermentation Company" for a period of twenty-five years but this language is not to be construed as equivalent to an allegation that a contract existed between the parties under which the defendant agreed not to use the word "Pfaudler" in connection with any corporation. Nor is there any charge of fraud. The sole question is whether or not the Civil Rights Law prohibits the defendant from using the plaintiff's surname. The word "name" as used in the statute must mean a person's full name. It was evidently the purpose of the legislature to prevent the use of the full name of a person by which alone he could be identified. This identification is possible in the case of the use of a portrait or picture, the use of which the statute also prohibits. It is not possible where only the surname of a person is employed. The word "Pfaudler" does not identify the plaintiff as the person whose surname has been used except to those persons who may know the origin of the company and even then it is impossible to say whether the word refers to the plaintiff or to his brother Casper, both of whom were at one time connected with the defendant's predecessor. No cause of action is stated under the Civil Rights Law and none existed at common law

under the facts alleged in the complaint. *Roberson v. Rochester Folding Box Co.,* 171 N. Y. 538. The history of the origin of surnames illustrates why such an action would not lie at common law. Surnames did not have the permanence and importance in ancient times that they have today. Sons commonly adopted or were given a surname differing from that of the father and arising from some peculiarity of mind or body or place of abode. It was not until registration of names was required for purposes of birth, marriage and death that the surname became the established part of the name and the given name varied for purposes of identification until now both names and sometimes a middle name is necessary to identify persons having the same surname. *Matter of Snook,* 2 Hilt. 566; *Smith* v. *U. S. Casualty Co.,* 197 N. Y. 420. An action at common law may have existed for the use of a person's name, picture or portrait under certain circumstances involving an injury to the character, reputation or property of the person but not under the circumstances alleged in the complaint. If this were not the rule, common surnames like Smith, Jones or Brown could not be used without entailing claims for damages on the part of every person having these names. There is no legal objection to any person assuming the name "Pfaudler" (*Olin* v. *Bate,* 98 Ill. 53; *Smith* v. *U. S. Casualty Co., supra,* 428) and there should be none on the part of a corporation in the absence of actionable equitable considerations. The plaintiff is not barred from using his name in connection with that of a corporation provided the use does not involve unfair competition. *Higgins Co.* v. *Higgins Soap Co.,* 144 N. Y. 462, 468; *Cutter* v. *Gudebrod Bros. Co.,* 36 App. Div. 362; *Burrow* v. *Marceau,* 124 id. 665, 669; *Burgess* v. *Burgess,* 3 De Gex, M. & G. 896. The plaintiff has no such exclusive right to the

use of the surname "Pfaudler" as to bar others from using it under circumstances that do not involve a legal or equitable injury. 23 Cyc. 271. Having permitted the corporation to use the surname for a period of twenty-five years, he cannot now prevent its use by the corporation as a going concern. *Cutter* v. *Gudebrod Bros. Co.,* 44 App. Div. 605; affd., 168 N. Y. 512. In the absence of equitable considerations therefore the plaintiff is not entitled under the statute alone to an injunction or to damages against the defendant for the use of the word "Pfaudler," and the demurrer should be sustained, with leave to the plaintiff to amend within twenty days after the service of a copy of an order in accordance herewith and the payment of costs.

Ordered accordingly.