ROCKOWITZ CORSET AND BRASSIERE CORPORATION, Appellant, *v.* MADAME X COMPANY, INC., et al., Respondents.

Appeal — trade-marks — appeal to Court of Appeals from order of Appellate Division reversing on the facts and granting new trial — burden on appellant to show that there was no question of fact justifying reversal and that as matter of law it was entitled to judgment — action to enjoin unlawful use of trade-mark — reversal by Appellate Division of judgment for plaintiff on the facts and grant of new trial — order affirmed where record shows question of fact as to abandonment — evidence from which court might infer intent to abandon.

1. Where the Appellate Division reverses a judgment on the facts and sends the issues back for a new trial, upon appeal to the Court of Appeals the burden is upon the appellant to show that there was no question of fact justifying a reversal and that as matter of law, on the evidence, it was entitled to judgment

2. Where, therefore, a review of the evidence received upon trial of an action to enjoin the alleged unlawful use of a trade-mark and for an accounting of profits realized by defendants through such use, hows a question of fact as to the abandonment of the trade-mark by its owner, an order of the Appellate Division reversing a judgment in favor of plaintiff on the facts and granting a new tr al must be affirmed by this court.

3. It cannot be said as matter o` law that there was no intent to abandon a trade-mark, where for eight years it wa left dormant in the hands of the receiver of a corporat on, which had no other assets and no business, and, at the end of that time, was purchased from the receiver and turned over to the plaintiff, a corporat on formed upon discovery of the profitable use of the name by others.

*Rockowitz C. & B. Corp.* v. *Madame X Co., Inc.*, 222 App. Div. 359, affirmed.

(Argued May 11, 1928; decided May 29, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 13, 1928, reversing an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granting a new trial.

*Ellis W. Leavenworth, W. Davis Conrad* and *Tracy Fike* for appellant. To establish the defense of abandonment it was necessary for the defendants to show not only acts indicating a practical abandonment but an actual intent to abandon. (*Singer Mfg. Co.* v. *June,* 163 U. S. 169; *Saxlehner* v. *Eisner,* 179 U. S. 19; *Baglin* v. *Cusinier Co.,* 221 U. S. 580; *Hanover Milling Co.* v. *Metcalf,* 240 U. S. 403; *Beechnut Packing Co.* v. *Lorillard Co.,* 273 U. S. 629.) No reasonable inference of abandonment can be drawn from the facts of record. (*Julian* v. *Hoosier Drill Co.,* 78 Ind. 408; *Burt* v. *Tucker,* 178 Mass. 493; *Universal Candy Co.* v. *Morse Co.,* 298 Fed. Rep. 847; *Madame Irene* v. *Schweinburg,* 177 Official Gazette, 1043; *Hannis Distilling Co.* v. *Torrey Co.,* 32 App. D. C. 530.)

*Neil P. Cullom, James E. Freehill, Maxwell Slade* and *David H. Slade* for respondents. The Appellate Division having reversed upon questions of fact and of law, the judgment and order appealed from should be affirmed. (*Alsens* v. *Degnon,* 222 N. Y. 34; *Tousey* v. *Hastings,* 194 N. Y. 79; *Waddell* v. *Cabana,* 220 N. Y. 18; *Mississippi Shipbuilding Corp.* v. *Lever,* 237 N. Y. 1; *Forster* v. *Bookwalter,* 152 N. Y. 166; *Durland* v. *Durland,* 153 N. Y. 67; *Reed* v. *McConnell,* 133 N. Y. 425; *Rose* v. *Hawley,* 133 N. Y. 315; *Jenks* v. *Thompson,* 179 N. Y. 20; *Bank of China, etc.,* v. *Morse,* 168 N. Y. 458.) The trial court's findings are wholly unsupported by the evidence and were properly reversed by the Appellate Division. (*Farrar* v. *Churchill,* 135 U. S. 609; *Matter of Locust Bldg. Co.,* 299 Fed. Rep. 756; *Crook* v. *Rindskopf,* 105 N. Y. 476; *Morris* v. *Talcott,* 96 N. Y. 100; *Roberts & Co.* v. *Buckley,* 145 N. Y. 215; *Constant* v. *University of Rochester,* 133 N. Y. 640; *Adams* v. *Gillig,* 199 N. Y. 314; *People* v. *Tuczkewitz,* 149 N. Y. 240; *Elwood* v. *Western Union Tel. Co.,* 45 N. Y. 549; *Lewis* v. *New*

18

*York City,* 99 N. Y. Supp. 462; *O'Leary* v. *Auburn,* 188 N. Y. Supp. 714.)

CRANE, J.   The complaint in this action alleges that the plaintiff is a domestic corporation engaged in the business of selling at wholesale and retail corsets and abdominal supporters manufactured by its orders.   The business was started in 1910 by one Abraham Rockowitz, now known as Abraham Rocke.   The plaintiff claims to be his successor by assignments of his trade-mark. " Madame X " was a trade-mark used by Abraham Rocke from 1911 to about 1916, in connection with the sale of merchandise.   This trade-mark was registered with the United States Patent Office for both supporters and corsets in August of 1912.   The defendants are alleged to have appropriated the trade-mark of the plaintiff and to have used it in connection with the manufacture and sale of similar articles since the year 1924, all to the damage and injury of the plaintiff.   The pleading demands relief by way of injunction and an accounting for the profits realized by the defendants through the use of the trade-mark.

The issues raised by the answers were tried at Special Term, which gave judgment in favor of the plaintiff, enjoining the defendants from the use of the name " Madame X," and directing the defendants to account for all the profits derived from the use of such name.

On appeal the findings of fact made by the trial judge were reversed and a new trial ordered.   No new findings of fact were made by the Appellate Division, but the order of reversal specified by number the many findings of fact and conclusions of law which were reversed. The reversal was necessarily upon the facts.   From the opinion of the Appellate Division it is evident that the Appellate Division disagreed with the trial judge on the facts.   It took the view that the evidence did not warrant a finding that the plaintiff owned the trade-mark, but

that it did justify the view that whatever rights Abraham Rockowitz had to the trade-mark had been abandoned. However, the court sent the issues back for a new trial and the appellant has given a stipulation for judgment absolute in coming to this court. Its burden, therefore, is to show us that there was no question of fact justifying a reversal, and that as matter of law on the evidence the plaintiff was entitled to judgment.

Abraham Rockowitz did business until 1914 in the name of the " Madame X Manufacturing Co." In September of that year the company was adjudged a bankrupt, and all its property sold at public auction, and the business of course discontinued. The receiver in bankruptcy sold the trade-mark to one Dorfman. Abraham Rockowitz claimed that Dorfman had made this purchase for his benefit and the controversy resulted in litigation. Abraham Rockowitz thereafter did business under the trade name of " S. O. S. Corset Co." and got in a law suit over his right to use the name and the trade-mark here in question. The judgment went against him and he was restrained from in any way using the property of the company or the trade-mark. This business went into liquidation and a receiver was appointed in 1916. All its tangible assets were sold at public auction for $226.53. No use was thereafter made of the trade-mark. Apparently the receiver did not sell it nor did Abraham Rockowitz or his brother Joe attempt to use it. Thereafter, in 1922, the defendants manufactured and sold corsets or girdles, using in their advertisements and boxing the trade name " Madame X." There was evidence to support the conclusion that in so doing they, or the Thompson-Barlow Co., Inc., were unaware of the previous user eight years before by Rockowitz. In 1924, and after the defendants had extensively advertised their business and built up a large and substantial trade through the use of this name, Abraham Rockowitz learned of the fact, formed the plaintiff cor-

poration, procured a transfer to it by the receiver of the trade-mark and commenced this litigation. There is evidence from which it may be inferred that the plaintiff corporation was formed for the very purpose of starting this law suit. It had little or no business, employees, machinery or equipment. There is evidence from which it may also be inferred that Rockowitz after two unsuccessful attempts to carry on the corset business had abandoned the use of the trade-mark " Madame X." The second company of which a receiver was appointed in 1916 had no good will; it was gone. Nothing was left except the trade-mark which the receiver apparently did not sell, simply because there was no market for it. If he could have sold it, it was his duty to dispose of it, for such were his orders from the court which appointed him. The trade-mark was not used in connection with any business conducted by Rockowitz or his brother Joe Rockowitz from that time until the day of trial. No attempt was made by them to use it. The next we hear of it in their connection is when the plaintiff is formed, and this law suit is brought. No user of the trade-mark has been made by the plaintiff or its organizers.

This brief outline of the case is sufficient, I think, to indicate that there was at least a question of fact to be determined as to the abandonment of the trade-mark by Rockowitz, if he owned it, or by Joe Rockowitz if he were the person entitled to it. There being this question of fact to be determined or inferences which might reasonably be drawn in favor of the defendants from the facts, we can go no further, but must affirm the judgment below.

To constitute an abandonment there must not only be nonuser but an intent to abandon. In *Baglin* v. *Cusenier Co.* (221 U. S. 580) the court held: " But the loss of the right of property in trade-marks upon the ground of abandonment is not to be viewed as a penalty either for nonuser or for the creation and use of new

devices. There must be found an *intent* to abandon, or the property is not lost; and while, of course, as in other cases, intent may be inferred when the facts are shown, yet the facts must be adequate to support the finding.". (See, also, *Hanover Star Milling Co.* v. *Metcalf*, 240 U. S. 403; *Beech-Nut Packing Co.* v. *Lorillard Co.*, 273 U. S. 629; *Glen & Hall Mfg. Co.* v. *Hall*, 61 N. Y. 226.) In the *Beech-Nut Case* (*supra*) the finding was the reverse of what it is here, that is, that there had been no abandonment of the trade-mark because of nonuser for five years. The Supreme Court, however, dealt with it as a question of fact, as can be gathered from the following quotation:

" The mere lapse of time was not such that it could be said to have destroyed the right as matter of law. A trade-mark is not only a symbol of an existing good will, although it commonly is thought of only as that.   *   *   * Therefore the fact that the good will once associated with it has vanished does not end at once the preferential right of the proprietor to try it again upon goods of the same class with improvements that renew the proprietor's hopes.   *   *   * Both Courts having found for the defendant, we see no ground upon which it can be said that they were wrong as matter of law."

The same may be said here. The Appellate Division has held that abandonment was a question of fact and has sent the case back for a new trial. This is the same as saying that there was evidence of an intention to abandon the trade-mark as well as evidence of its nonuser for eight years and more. The appellant is in the position of asking us to find that as matter of law there was no intent to abandon.

The litigation over the S. O. S. Corset Co. and the right to the name " Madame X " resulting in the finding that Joe Rockowitz and not Abraham Rockowitz owned the trade-mark; the appointment of a receiver of the corporation to sell the trade-mark; the employment of Joe thereafter as an automobile driver and Abraham by other

corset concerns; the fact that no attempt was made to take the trade-mark out of the hands of the receiver until 1924, constituted some evidence from which a court might reasonably infer an intent to abandon. Anyhow, under all the facts in this case we could not hold as matter of law that there was no intent to abandon or relinquish the trade-mark. There was no evidence that either Joe or Abraham Rockowitz attempted to buy the trade-mark from the receiver or force its sale, or raise money for the purpose of purchasing the trade-mark. The right, if any, was left dormant for eight years, and then at the end of that time the trade-mark was purchased from the receiver and turned over to a corporation formed by the Rockowitz brothers after they had discovered the profitable use of the name by others.

" Mere lapse of time does not *per se* warrant the conclusion of abandonment. The circumstances of the case, other than mere lapse of time, almost always give complexion to the delay and either excuse or give it a conclusive effect." (Browne on Trade-Marks, sec. 681.)

Again, it must be remembered that a trade-mark is a species of property to be used in connection with a going business. It has no value in and of itself. In *United Drug Co.* v. *Rectanus Co.* (248 U. S. 90, p. 97) the court said: " There is no such thing as property in a trade-mark except as a right appurtenant to an established business or trade in connection with which the mark is employed. The law of trade-marks is but a part of the broader law of unfair competition; the right to a particular mark grows out of its use, not its mere adoption; its function is simply to designate the goods as the product of a particular trader and to protect his good-will against the sale of another's product as his; and it is not the subject of property except in connection with an existing business."

Registration does not create a trade-mark. It is not essential to its validity. (*Pulitzer Pub. Co.* v. *Houston*

*Printing Co.,* 4 Fed. Rep. [2d] 924.)   And in *Hanover Star Milling Co.* v. *Metcalf* (240 U. S. 403) it was said: " In short, the trade-mark is treated as merely a protection for the good-will, and not the subject of property except in connection with an existing business."

This court likewise said in *Falk* v. *American West Indies Trading Co.* (180 N. Y. 445, p. 450): " A trade-mark is not a piece of property that passes from hand to hand by assignment separate from the business of the owner of the trade-mark or of the article which it may serve to distinguish. Generally, it passes only with the business and good will of which it is an inseparable part."

The plaintiff's predecessor had no business in which to use a trade-mark. It hung in the air for eight years.

I have not discussed the relations of the defendants to the plaintiff. The Weil Corset Company was the manufacturer, the Thompson-Barlow Co., Inc., the distributing merchants. These matters become unimportant if I am right in my conclusions that there is some evidence from which an intent to abandon and an abandonment may be inferred.

For these reasons the order below should be affirmed, and judgment absolute ordered against appellant on the stipulation, with costs in all courts.

Cardozo, Ch. J., Pound, Andrews, Lehman, Kellogg and O'Brien, JJ., concur.

Ordered accordingly.