## GOLD SEAL ASSOCIATES, Inc., v. GOLD SEAL ASSOCIATES, Inc.

District Court, S. D. New York.

Feb. 23, 1932.

Hunt, Hill & Betts, of New York City (John W. Crandall and Wm. Logan, Jr., both of New York City, of counsel), for plaintiff.

Alexander T. Hussey, of New York City, for defendant.

PATTERSON, District Judge.

The suit is for unfair competition. In March, 1930, the plaintiff was organized as a New York corporation to engage in the advertising business. The plan was to assemble a large number of retail merchants who should be known as "Gold Seal Associate Merchants" and who were to receive plaques bearing that title for display in their stores. The plaintiff was to arrange programs for radio broadcasting in the course of which the reliability of merchants with that sign was to be brought to the attention of the public.

The plaintiff's profit was to come from the fees to be paid by the merchants. The business was operated by McClure, Brooks, and Weiss, McClure advancing the capital. Salesmen were sent out to sign up merchants and over 200 contracts were obtained. Plaques were distributed to these merchants. Two radio broadcasts were given in June, 1930, and then funds gave out. In December, 1930, the plaintiff had to relinquish its office.

Meanwhile those interested turned their attention toward raising new money to continue the enterprise. In January, 1931, McClure met Leighton and three others and tried to interest them in the matter. Negotiations wih this group continued until March and then broke down. The idea evidently appealed to the Leighton group, however, for a month later it organized the defendant corporation, in name identical to that of the plaintiff. The defendant is a Delaware corporation, formed to engage in the same kind of business that the plaintiff had been conducting. It proceeded to sign up retail merchants and distributed plaques practically identical to those that had been distributed by the plaintiff. Radio broadcasting programs were begun in December, 1931. The plaintiff then brought this suit in which it asks for an injunction and damages.

Certain further facts bearing upon the defense of abandonment were brought out at the trial. In December, 1930, McClure had discussed the refinancing of the plaintiff's business with two young men, Dwyer and Doing. The following February Dwyer and Doing formed Honor Crest Associates, Inc., to engage in a wider and more ambitious advertising business. Part of their plan was to take over the plaintiff's business in case financing could be secured. McClure was cognizant of this project and invested money in it. The Honor Crest could not raise the necessary funds and discontinued business in the summer of 1931.

While it appears that the plaintiff now owes over $20,000 to creditors and has no money or tangible assets, the efforts made by McClure and Brooks to refinance continued down to the fall of 1931. This was shown by undisputed oral testimony, some of it from disinterested witnesses, and is corroborated by written evidence of an incontrovertible character. Weiss, now connected with the defendant, had retired from active association with the plaintiff in September, 1930, but had retained his stock interest. In December, 1930, he gave the plaintiff or Mc-

Clure an option to buy his stock for $2,000, the option reciting that the stock might be used in bringing about a reorganization. In June, 1931, this option was extended until October 1, 1931. It was further shown that the plaintiff or McClure paid the New York franchise tax for the year ending October 31, 1931, payment having been made as late as August, 1931.

Upon the foregoing facts the plaintiff is manifestly entitled to relief unless there is merit in the contention that it had abandoned its business and good will by the time the defendant entered the field. The men behind the defendant company, after negotiating with those interested in the plaintiff, took a corporate name identical to that of the plaintiff and caused their company to engage in the same line of business. The plaques sent out to merchants are nearly the same. Confusion was bound to result. The only defense interposed is that of abandonment by the plaintiff.

To constitute an abandonment of a trade-mark or trade-name, there must be, not only nonuser, but also an intent to abandon. Baglin v. Cusenier Co., 221 U. S. 580, 31 S. Ct. 669, 55 L. Ed. 863; Hanover Star Milling Co. v. Metcalf, 240 U. S. 403, 36 S. Ct. 357, 60 L. Ed. 713; Beech-Nut Packing Co. v. Lorillard Co., 273 U. S. 629, 47 S. Ct. 481, 71 L. Ed. 810. Lapse of time without user may be evidence from which an intent to abandon may be inferred, the strength of such inference being dependent upon the period of discontinuance, the cause of it, and other factors. Rockowitz Corset & Brassiere Corporation v. Madame X Co., Inc., 248 N. Y. 272, 162 N. E. 76. But the fact remains that an intent to relinquish must be shown.

Here no intent on the plaintiff's part to abandon its business forever was made to appear. It had been forced by lack of funds to suspend the active prosecution of the business, and such suspension had continued for about a year. But the proof already referred to shows convincingly that honest efforts were being made all along to revive the plaintiff and to resume the business. Taxes were being paid and attempts at reorganization were kept up. It cannot be said that the company had thrown away its name and whatever good will still clung to it. The fact that the defendant took the same name and the same insignia is a fair indication that those behind it thought they still had value. If the fact of suspension of business because of financial misfortunes should be held to justify outsiders straightway in helping themselves to a corporate name and insignia, then the chance of resuscitation would be killed, and on winding up the creditors of the concern would find themselves deprived of an asset of possible value.

The fact that McClure had formed a connection of some sort with another concern endeavoring to enter the same line of business under another title is urged by the defendant as proof of abandonment. But McClure at the same time was continuing his efforts to put new life into the plaintiff. Moreover, an abandonment by McClure would not be an abandonment by the plaintiff. The latter was apparently insolvent, and its creditors had rights in its assets that McClure could not destroy.

It follows that the plaintiff is entitled to an injunction restraining the defendant from using its present corporate title and its plaques. The plaintiff may submit a decree.