## MANZ v. PHILADELPHIA BREWING CO.

### No. 1176.

District Court, E. D. Pennsylvania.

Dec. 12, 1940.

Reuben Miller and Sidney R. Zall, both of Philadelphia, Pa., for plaintiff.

Rutledge Slattery, of Philadelphia, Pa., for defendant.

GANEY, District Judge.

Complainant filed a bill averring that the defendant, Philadelphia Brewing Company, a corporation engaged in the brewing and marketing of beer, marketed its product under the name of "Manz Beer"; that the complainant is the son of Gottlieb Manz, who, in 1856, operated a brewery in the City of Philadelphia in which the complainant joined with his father, and subsequently, without alleging a date, the petition avers a corporation was formed under the laws of the Commonwealth of Pennsylvania, under the name of G. Manz Brewing Company in which the complainant was a stockholder; the beer marketed by the corporation was known as "Manz Beer", of fine quality and had acquired a reputation of high standard in the trade; that in 1893, the plant operated by G. Manz Brewing Company at Sixth and Clearfield Streets, Philadelphia, Pennsylvania, was sold, and subsequently acquired through divers conveyances by the Philadelphia Brewing Company, the defendant herein; that in none of the sales of the plant were the words "Manz Beer" transferred nor was any trade-name or good will ever sold, assigned or transferred; that no persons of the name of "Manz" are associated with the defendant in any capacity whatsoever; that the purpose of the use of the name "Manz Beer" is to mislead and deceive the consuming public to believe that the product thus sold is manufactured by members of the Manz family; that the father of the complainant, Gottlieb Manz, had departed this life, and the sole surviving member of the family "Manz" engaged in the manufacture of beer during the existence of G. Manz Brewing Company is the complainant; that notice was given in January 1937 to the defendant of its unauthorized use of the name "Manz" in connection with its sale of beer; that notwithstanding such notification the defendant still continued to market its beer under the name "Manz Beer" and utilized the property right of the complainant to its financial advantage; that defendant be restrained from the use of the name "Manz Beer" and that an accounting be made of the profits of the defendant company for use of the complainant's family name since the use of the name by the defendant company. To this averment of the bill defendant filed a motion to dismiss on the ground that the complainant failed to make out a cause of action.

■ It is seen from the foregoing that the defendant here asserts a property right in the words "Manz Beer". No averment is made that the phrase "Manz Beer" is or was used as a trade-mark but merely as a trade-name and trade-names can only be protected against use or imitation on the ground of unfair competition. Draper v. Skerrett, C.C., 116 F. 206. As pointed out in 63 Corpus Juris 335, Sec. (30) 4, "there is a distinction between the principle of unfair trade and the right acquired by a trade-name. Such unfairness has two angles: One relating to deception in imitating the goods of another so that the public will purchase the counterfeit rather than the real; and the other having reference to a camouflage produced by transacting business under a similar name and thereby causing people to believe the substitute to be the original". Since there is here no allegation of unfair competition it is difficult to see how any injury came to the plaintiff, as-

suming he had a property right in the words "Manz Beer", as the complaint shows that the corporation of G. Manz Brewing Company sold the plant wherein the beer was made at Sixth and Clearfield Streets in the City of Philadelphia in 1893, and has never since resumed the making of beer.

A trade-mark or trade-name is a right appurtenant to a business or trade in connection with which it is employed. Its function is to designate the goods as the product of a particular trader and to protect his good will against the sale of another's product as his. United Drug Co. v. Rectanus Co., 248 U.S. 90, 97, 39 S.Ct. 48, 63 L.Ed. 141; Ph. Schneider Brewing Co. v. Century Distilling Co., 10 Cir., 107 F.2d 699; Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 412-414, 36 S.Ct. 357, 60 L.Ed. 713. Further, any one may use a generic name in connection with a business, the only restriction being one must not use the name so as to work a fraud upon others of the same name; that is no resort to any artifice which would mislead the public as to the identity of the business firm or produce injury to the other. Brown Chemical Co. v. Meyer, 139 U.S. 540, 11 S.Ct. 625, 35 L.Ed. 247; Coats v. Merrick Thread Co., 149 U.S. 562, 13 S.Ct. 966, 37 L.Ed. 847; Singer Mfg. Co. v. June Mfg. Co., 163 U.S. 169, 16 S.Ct. 1002, 41 L.Ed. 118.

Further the use of the name "Manz Beer" by the defendant can in no sense be stated to be an artifice nor to attract trade not belonging to the defendant since there has been an abandonment by the G. Manz Brewing Company of their business since the year 1893 which is a period of almost forty-seven years and there can be no misleading of the public with respect to its use since the defendant in compliance with the statutory requirements of the Commonwealth of Pennsylvania, Act of 1933, P.L. 284, Sec. 2 as amended, 47 P.S. § 104, has its name permanently affixed as manufacturer to every bottle, case, keg or other container of beer thus showing that the "Manz Beer" made is made by the Philadelphia Brewing Company and not the G. Manz Brewing Co.

However, it further seems to me that the plaintiff has no standing in this action by reason of the fact that the complaint shows that if any property right was at any time vested in any one by the use of the term "Manz Beer" it was in the G. Manz Brewing Company, a corporation, and not in the plaintiff and while the plaintiff may have been a stockholder in the corporation it does not give him any right to maintain a bill to enjoin the defendant from using the words "Manz Beer". Edison v. Hawthorne, 3 Cir., 108 F. 839. The plaintiff has pressed a number of cases upon the court; in Minton v. Smith et al., 276 Ill.App. 128, there was no definite abandonment by the plaintiff as she told her employees she was going to resume business; there was likewise no definite abandonment in Ohlbaum v. Correa, 178 App.Div. 838, 166 N.Y.S. 89. In Scheer v. American Ice Company, 32 Misc. 351, 66 N.Y.S. 3, while there was a provision that the plaintiff should not engage in the ice business for a period of five or ten years without the defendant's permission, yet there was in this case a possibility of liability on the plaintiff's part by reason of the fact that the plaintiff's name was in large letters on the defendant's wagon, and correspondence was being had by the defendant on the plaintiff's letter-heads. The courts have always been clear to point out that in order to constitute an abandonment of a trade-mark or trade-name there must be not only nonuser but also the intention to abandon. Gold Seal Associates, Inc. v. Gold Seal Associates, Inc., D.C., 56 F.2d 452, Baglin v. Cusenier Co., 221 U.S. 580, 31 S.Ct. 669, 55 L.Ed. 863; Beech-Nut Packing Company v. P. Lorillard Co., 273 U.S. 629, 47 S.Ct. 481, 71 L. Ed. 810. The courts have found abandonment in periods of from two and one-half years as in Tygert-Allen Fertilizer Co. v. J. E. Tygert Co., 191 Pa. 336, 43 A. 224, to twenty-three years in Raymond v. Royal Baking-Powder Company, 7 Cir., 85 F. 231. Here there can be no question of the intention on the part of the G. Manz Brewing Company to abandon the use of the term "Manz Beer" since no effort has been made to manufacture it for a period of more than forty-seven years. In the case of Edison v. Edison Polyform Mfg. Co., 73 N.J.Eq. 136, 67 A. 392, the plaintiff's right to the protection of equity was founded mainly on a contract right with one of the defendants and that this right was personal only to the person to whom it was given.

In the argument counsel for the plaintiff also urged, aside from any matter of unfair competition, that the plaintiff had a property right to be protected from any one using the family name Manz.

Although the custom is universal for male persons to bear the name of their

parents, there is nothing in the common law prohibiting a man from taking any name he may choose. Linton v. First National Bank of Kittanning, C.C., 10 F. 894, 897. In Du Boulay v. Du Boulay, L.R. 2 P.C. 430-441, Lord Chelmsford observes, "In this country we do not recognize the absolute right of a person to a particular name to the extent of entitling him to prevent the assumption of that name by a stranger. The right to the exclusive use of a name in connection with a trade or business is familiar to our law; and any person using that name after a relative right of this description has been acquired by another, is considered to have been guilty of a fraud, or at least an invasion to another's right, and renders himself liable to an action, or he may be restrained from the use of the name by an injunction. But the mere assumption of a name which is patronymic of a family by a stranger who had never before been called by that name, whatever cause of annoyance it may be to the family, is a grievance for which our law affords no redress." See also Olin v. Bate, 98 Ill. 53, 38 Am.Rep. 78. Hence the assumption by a stranger of a family name such as here gives the plaintiff no right of redress as such when there is no competition created by the use of the name and its use is not productive of any injury.

Bill dismissed.