Virginio F. Orsini, Plaintiff, v. Eastern Wine Corporation, Defendant.

Supreme Court, Special Term, New York County, September 29, 1947.

*Stein & Schwartz* for defendant.

*Leve, Hecht, Hadfield, McAlpin & Brand* for plaintiff.

Pecora, J. Plaintiff sues for damages under section 51 of the Civil Rights Law, and for an injunction restraining defendant from using on its label the surname, Orsini, in conjunction with plaintiff's coat of arms. Alleging that he is the oldest living member of the Orsini family, plaintiff asserts the right to use the coat of arms. It is claimed that defendant, without plaintiff's consent, affixed the name Orsini to labels of certain of its wine products as well as the Orsini coat of arms for commercial and advertising purposes.

In moving to dismiss the complaint, defendant urges that any action pursuant to the Civil Rights Law must be predicated upon an identification of the plaintiff by means of his name, picture or portrait, and that here there is merely the use of a surname without the full name. In *Pfaudler* v. *Pfaudler Co.* (114 Misc. 477, 478) relied on by defendant, the court said: " The word ' name ' as used in the statute must mean a person's full name." But that language was followed by the following sentence: " It was evidently the purpose of the legislature to prevent the use of the full name of a person *by which alone he could be identified.*" (Italics mine.) Thus the court was of the opinion in that case that the surname alone would not identify the plaintiff. However, here, the allegations of the complaint with respect to the use of the coat of arms in conjunction with the surname, presents a method of identification of plaintiff which may be as effective as a full name. The argument made by defendant that the average purchaser of defendant's wine would not associate the family crest and crown with plaintiff personally, is an argument addressed to proof and not allegation. While the average imbiber of wine is not a genealogist, the complaint on its face alleges that the use of the coat of arms and crown identifies the name of plaintiff in the minds of the public.

The purpose of section 51 of the Civil Rights Law is to prevent the use of an individual's name for commercial purposes without his consent. Upon a motion to dismiss the complaint the allegations must be assumed to be true. Consequently, the complaint here alleging identification by coat of arms and surname satisfies the requirements of the statute with respect to identification. The motion to dismiss is denied. The motion for alternative relief to strike out certain paragraphs of the complaint is also denied.