HENRY HIRSCH, as Administrator of the Estate of AARON HIRSCH, Deceased, Plaintiff, *v.* TWENTIETH CENTURY-FOX FILM CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, April 18, 1955.

*Whitman Knapp, David Simon* and *John J. Tommaney* for defendants.

*Myron A. Ellis* for plaintiff.

GREENBERG, J. Defendant Twentieth Century-Fox Film Corporation moves for summary judgment. The complaint claims plagiarism or the appropriation of a literary work. Defendant rests its motion on a claim of abandonment of common-law rights and dedication to the public. Plaintiff contends the motion must be denied because the complaint alleges there was publication and republication with no intent to abandon com-

mon-law rights or the literary property reposed in the original owner for reproduction in any form and that the question of intent must be one for the jury.

Plaintiff's decedent was the founder, publisher and editor of a paper in Toronto, Canada, in which his story was published in 1914, and of a paper in Brooklyn, New York, in which his story was republished in November of 1923. It must be inferred these publications were voluntary. The Brooklyn, New York, paper was published in Yiddish and English. A copy of the November 9, 1923, publication discloses a statement in Yiddish and English of subscription rates in the United States and foreign countries. The publication enjoyed second-class mailing privilege, which imports regular issue at stated intervals and a publication for dissemination of information of a public character or devotion to literature and having a legitimate list of subscribers. While intent to abandon in such degree as to afford protection against a charge of plagiarism is a question of fact, plaintiff intimates no fact or circumstance other than those recited and a statement of lack of such intent as basis for creation of a fact issue.

Contending there was no dedication, plaintiff urges the publication imparted a limited public use at most and was made to a limited public. He relies on *Rockowitz Corset & Brassiere Corp.* v. *Madam X Co.* (248 N. Y. 272, 277), where the court stated: '' There must be found an *intent* to abandon, or the property is not lost; and while, of course, as in other cases, intent may be inferred when the facts are shown, yet the facts must be adequate to support the finding.''

Plaintiff relies also on *Palmer* v. *De Witt* (47 N. Y. 532, 542–543), where the court stated: '' The right publicly to represent a dramatic composition for profit, and the right to print and publish the same composition to the exclusion of others, are entirely distinct, and the one may exist without the other. * * * When a literary work is exhibited for a particular purpose, or to a limited number of persons, it will not be construed as a general gift or authority for any purpose of profit or publication by others. An author retains his right in his manuscript until he relinquishes it by contract, or some unequivocal act indicating an intent to dedicate it to the public. *An unqualified publication by printing and offering for sale is such a dedication.*'' (Emphasis supplied.)

The admitted facts here demonstrate an unqualified act of publication by printing and offering for sale. There is no intimation or any fact or circumstance presented to raise a triable

question whether the act of dedication was in fact limited, thereby reserving that which was not dedicated. There is no question of intent where the dedication is made under the circumstances here and unqualifiedly. The facts adduced by defendant by documentary proof support a finding of dedication and there is a complete absence of proof by plaintiff of any fact or circumstance which would render such finding inconclusive, requiring trial of the issue of intent.

Plaintiff relies further on *Ferris* v. *Frohman* (223 U. S. 424), but the holding there of nondedication rested on the fact that there was no printing and publication. Plaintiff's argument is actually to the effect that intent is subjective and therefore summary judgment is not in order. The uncontroverted objective proof of intent has been presented and the conclusion follows as a matter of fact and of law. The motion is granted. Settle order.