[S. F. No. 3436.    Department One.—October 14, 1905.]

## WILLIAM R. MORTON et al., Respondents, v. JOHN MORTON, Appellant.

INJUNCTION—USE OF NAME AND BADGE OF PLAINTIFFS—FRAUDULENT APPROPRIATION OF GOOD-WILL—SUFFICIENCY OF COMPLAINT.—Upon appeal from an order of injunction granted upon the verified complaint of plaintiffs, where the only question relates to the sufficiency of the complaint to sustain the injunction, and the complaint shows the use by the defendant of the trade name and badge of the plaintiffs, thereby deceiving the people by causing them to trade with him when they intended to and would otherwise have traded with the plaintiffs, the basis of the action being that the defendant is attempting by fraudulent representations to the effect that defendant's business is plaintiffs' business to appropriate the good-will of plaintiffs' established business, the injunction is sufficiently supported, and the order will be affirmed.

ID.—REMEDY INDEPENDENT OF DEFENDANT'S INSOLVENCY.—The only appropriate and adequate remedy in such a case of fraud is the remedy by injunction, and this is so regardless of the insolvency of the person committing the fraud.

ID.—INJUNCTION NOT MANDATORY. — An injunction restraining the defendant, his agents and employees from representing himself as the representative of the plaintiffs, and from wearing on his hat, while engaged in the business of soliciting the transfer of baggage and luggage, a badge with the word ''Morton's'' written thereon, or any word similar thereto, is not mandatory, but prohibitive, and is justified by the allegations of the complaint as an injunction *pendente lite.*

ID.—RESTRAINT OF USE OF ONE'S OWN NAME.—While a person has undoubtedly a right to engage in business in his own name, he will

not be allowed to resort to any artifice or contrivance in the use of that name for the purpose of deceiving the public as to the identity of his business or products, and to prevent this result a certain manner of use of one's own name may in a proper case be prohibited.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting an injunction. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

William J. Herrin, for Appellant.

Naphtaly, Freidenrich & Ackerman, for Respondents.

VAN DYKE, J.—This is an appeal from an order granting an injunction upon a verified complaint at the time of issuing the summons and without notice to the defendant. The complaint alleges substantially the following facts, viz.: Plaintiffs have for more than ten years previous to the bringing of the action, August 5, 1902, under the name of "Morton's Special Delivery," conducted the business of transferring for hire the baggage and luggage of persons from their places of landing in San Francisco to their hotels or places of destination therein, and from their hotels and residences to the depots or wharves whence they were about to depart. In that business they employed a large number of solicitors, whose business it was and is to solicit custom from travelers. Each solicitor had for some time been caused by plaintiffs. while actually employed in his work, to wear upon his hat a badge upon which is printed in conspicuous letters the word "Morton." This badge indicated to the public that the solicitor was representing the Morton Special Delivery, which is well and favorably known, and that any baggage intrusted to any solicitor wearing such a badge would be handled by the person doing business under that name. The defendant within a few months prior to the bringing of the action became engaged in the same character of business, under the name of "Morton Transfer Company." For the purpose of misleading and deceiving the public, as alleged, into the belief that he was a solicitor of plaintiffs, and that

they will handle all baggage intrusted to him to transfer, he has and still uses in connection with his business a badge affixed to his hat, with the single word "Morton's" thereon. Such badge is of the same size, color, and general appearance as plaintiffs' badge, and the letters thereon are precisely similar in size, color, and general appearance to those of plaintiffs' badge; the only difference being the additional "s," with an apostrophe, to the name "Morton." During such time defendant has and still does represent to the public that he is acting for plaintiffs, and by the use of this artifice he deceives the public into the belief that he represents the plaintiffs, and thereby procures from them much of their baggage for the purpose of transfer. It is alleged further that plaintiffs' business has become well and favorably known under the name of "Morton," and that as a result of the defendant's misrepresentations in the use of said badge they have been damaged in the sum of five hundred dollars, and if such use and misrepresentations are continued will suffer and sustain other damage, and that such loss or damage will be irreparable, and that they have no plain, speedy, or adequate remedy at law. All these allegations must, for the present purpose, be considered as confessed, the defendant having failed to answer. The injunction having been issued according to the provisions of section 527 of the Code of Civil Procedure, the defendant in the lower court might have moved to vacate or modify said injunction under the provisions of section 532 of the Code of Civil Procedure. He appears, however, to have failed to make any move in that direction, but, on the contrary, chose to take an appeal directly from the *ex parte* order granting the injunction, and to stand upon his contention that the order does not find sufficient support in the complaint on which it is based.

From the foregoing summary of the complaint, evidently this position of the appellant is untenable, as the complaint certainly states facts sufficient to entitle plaintiffs to an injunction. As in *Weinstock* v. *Marks,* 109 Cal. 529, [42 Pac. 142, 50 Am. St. Rep. 57], and *Dodge Stationery Co.* v. *Dodge,* 145 Cal. 380, [78 Pac. 879], the basis of plaintiffs' action is that defendant is attempting by fraudulent representations to the effect that defendant's business is plaintiffs' business to appropriate the benefit of the good-will of plaintiffs' established

business. The principle applicable was stated in the Wein-
stock case as followes, viz.: "When one tradesman resorts to
the use of any artifice or contrivance for the purpose of repre-
senting his goods or his business as the goods or business of
a rival tradesman, thereby deceiving the people by causing
them to trade with him, when they intended to and would
have otherwise traded with his rival, a fraud is committed—a
fraud which a court of equity will not allow to thrive." This
statement was approvingly quoted in the Dodge case. The
only appropriate and adequate remedy in such a case as
this is the remedy of injunction, and this is so, regardless of
the question of the insolvency of the person committing the
fraud. If an injunction could not be granted as against a
financially responsible person guilty of such fraud, the fraud
upon the rival business and the public could be continued
indefinitely, and the only right of the owner of the rival
business would be in a multiplicity of actions for damages;
whereas it might be in many cases practically impossible to
ascertain the amount of damage done. The allegations in
this complaint as to the nature of business here involved
show beyond doubt that such would be the situation in this
case. It is urged that, in so far as the injunction herein
granted was mandatory, it was erroneously granted; the con-
tention being that a mandatory injunction should not be
granted pending trial, or until the rights of the parties had
been definitely ascertained by the chancellor. We are, how-
ever, of the opinion that the injunction granted in this case
was prohibitory only, and in no respect mandatory. The
injunction complained of restrains the defendant, his agents,
and employees from representing himself as the representative
of plaintiffs, and from wearing on his hat while engaged in
the business of soliciting the transfer of baggage and luggage
a badge with the word "Morton's" thereon, or any badge
similar thereto. This injunction does not restrain the defend-
ant from carrying on his business in a legitimate manner and
without the artifice referred to, by which it is sought to
unjustly obtain some of the business of the plaintiffs. We
are satisfied that the injunction was entirely justified by the
allegations of the complaint, and went no further than was
necessary to restrain the continuance of an artificial con-

trivance resorted to by defendant for the sole purpose of deceiving the public into the idea that in patronizing him they were patronizing plaintiffs, and of thus acquiring patronage intended to be given to plaintiffs. It is well settled that while a person undoubtedly has the right to engage in business in his own name he will not be allowed to resort to any artifice or contrivance in the use of that name for the purpose of deceiving the public as to the identity of his business or products, and that to prevent this result a certain manner of use of one's own name may in a proper case be prohibited. (See *Dodge Stationery Co.* v. *Dodge,* 145 Cal. 380, [78 Pac. 879], and other cases cited.)

The order appealed from is affirmed.

Angellotti, J., and Shaw, J., concurred.