### KAUFMAN v. KAUFMAN.

(Supreme Court, Special Term, New York County. March 13, 1910.)

1. TRADE-MARKS AND TRADE-NAMES (§ 73*)—ILLEGAL USE OF NAMES.

One must use his own name honestly, and not as a means of pirating on the good will and reputation of a business rival; and where he cannot use his own name, without inevitably representing his goods as those of another, he cannot use his name.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84; Dec. Dig. § 73.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 73*)—ILLEGAL USE OF NAMES.

Where an individual engaging for several years in the hat business used his surname as a designation of his hats, with a uniform price usually appearing in connection therewith, another having the same surname would be enjoined from using his surname in his hat business, together with the figures indicating a similar price, unless in connection with his surname, without the figures, he used his first name with it, though the parties had different trade-marks inside the hats they dealt in.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84; Dec. Dig. § 73.*]

Action by Benjamin H. Kaufman against Samuel Kaufman. Judgment for plaintiff.

Horwitz & Wiener, for plaintiff.

M. Kaufman, for defendant.

GERARD, J. The plaintiff, Benjamin H. Kaufman, during the last eight years has sold hats in the city of New York and other Eastern cities. His first store was at Third avenue and 125th street. He first made the special practice of selling hats at the uniform price of $1.50, and called his hats "Kaufman hats," with the price of $1.50 appended. Within these eight years he has so increased his business that he now has seventeen stores, ten in the borough of Manhattan, three in the borough of Brooklyn, and one each in the cities of Boston, Philadelphia, Providence, and Newark. He has at all times designated his wares as "Kaufman hats," with the figures $1.50 usually appearing in connection therewith, and he has at all times made a special business of selling hats for $1.50. The defendant, Samuel Kaufman, has recently opened a hat store at No. 25 Broadway. He has placed a sign on his premises reading "Kaufman's hats," and conspicuously uses the figures $1.50 in connection therewith.

The principle is well established that a man must use his own name honestly, and not as a means of pirating upon the good will and reputation of a business rival, and that, if he cannot use his own name without inevitably representing his goods as those of another, then he cannot use his own name at all. Devlin v. Devlin, 69 N. Y. 212, 25 Am.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Rep. 173, is an instructive case in showing how far the courts of this state go in protecting a man who, under his own name, has built up a prosperous business. It is not usual for hat stores to conspicuously print the price of their hats or to fix a uniform price, and I am of opinion that defendant is unfairly using his own name to steal plaintiff's trade. It is true that the trade-marks used by plaintiff and defendant inside the hats are not similar; but this is not material, as it is the unfair use of the name and figures which lures the customer into the shop and leads him to believe that he is dealing with the "original Kaufman."

Defendant will be enjoined from using the figures "$1.50" in connection with the name "Kaufman" on the front of. his store and in general advertising, and will be enjoined from using the name Kaufman at all, unless in connection with it he uses his first name on a line with it and in letters of equal size. Settle order on notice.