[Civ. No. 4920. First Appellate District, Division One.—June 29, 1925.]

## SAMUEL C. TOMSKY et al., Copartners, etc., Appellants, v. ROY E. CLARK et al., Respondents.

[1] TRADE NAMES — UNFAIR COMPETITION — ELEMENTS ESSENTIAL TO RELIEF.—In an action by copartners doing a collection business under a fictitious name to restrain the defendants from engaging in the same kind of business in the same city, using a name similar to that used by plaintiffs, the latter, in order to entitle them to relief upon the ground of unfair competition, must establish that by care, attention, skill and strict adherence to business they had built up an extensive, valuable business, and that defendants, by the fraudulent use of said similar name and by unfair and fraudulent practices, were deceiving and misleading the public, and were thereby seeking to deprive plaintiffs of their customers and trade.

[2] ID.—USE OF FAMILY NAME OF ANOTHER—FILING OF CERTIFICATE OF COPARTNERSHIP—EXCLUSIVE RIGHT OF USER.—The mere fact that plaintiffs filed a certificate of copartnership to operate a business under the family name of one of the defendants gave them no personal right to the use of such name to the exclusion of said defendant so as to deprive the latter from ever afterward engaging in the same kind of business in his own name or through the medium of a corporation bearing his name.

[3] ID.—RIGHT TO DO BUSINESS UNDER OWN NAME—MONOPOLY.—The right to do business under one's own name is one of the sacred rights known to the law; and a family name is incapable of exclusive appropriation and cannot be thus monopolized.

[4] ID.—RIGHT TO USE OF FAMILY NAME—MISLEADING OF PUBLIC.— Every man has the absolute right to use his own name in his own business, even though he may interfere with and injure the business of another bearing the same name, provided he does not resort to any artifice or do any act calculated to mislead the public as to the identity of the establishments or to produce injury to the other beyond that which results from the similarity of names.

---

3. See 24 Cal. Jur. 621.

4. Right to use one's own name as trade name, notes, 1 L. R. A. (N. S.) 660; 28 L. R. A. (N. S.) 934. See, also, 24 Cal. Jur. 630; 26 R. C. L. 876.

[5] ID. — USE OF FAMILY NAME — DECEPTION OF PUBLIC — EQUITY.— Equity will not allow a person to resort to artifice or contrivance in the use of his name as a result of which the public is deceived as to his business or products; but in such a case it is not the use of a man's own name that is condemned; it is the dishonesty practiced in the use of it.

[6] ID.—HONEST USE OF OWN NAME—CONFUSION FROM SIMILARITY.— Where it appears that the party sought to be enjoined has a right to use his own name and he does so reasonably and honestly, he is not obliged to abandon the use thereof or to unreasonably restrict it, whether used in a firm or corporation, merely because some confusion may have arisen from similarity of names.

[7] ID.—CROSS-COMPLAINT FOR INJUNCTIVE RELIEF—FINDINGS—JUDGMENT.—In this action by copartners doing a collection business under the family name of one of the defendants to restrain the defendants from engaging in the same kind of business, using a name similar to that used by plaintiffs, the findings of the trial court to the effect that plaintiffs adopted the name of one of the defendants as part of plaintiffs' firm name, without the consent of said defendant, seeking to take advantage of his former business reputation as a collector, and thereby leading the public to believe that he was personally connected with their firm, that said defendant is now lawfully engaged in the same character of business, and that the operation of plaintiffs' business under said fictitious name is not only deceiving the public as to the identity of the business, but the manner in which plaintiffs have operated it has been injurious to said defendant's business and reputation, were sufficient to sustain the judgment rendered in favor of said defendant upon his cross-complaint, enjoining plaintiffs from using the name of said defendant in their business.

[8] ID.—PLEADING—CROSS-COMPLAINT.—In an action by copartners doing a collection business under the family name of one of the defendants to restrain the defendants from engaging in the same kind of business, using a name similar to that used by plaintiffs, a cross-complaint by one of the defendants to restrain the plaintiffs from using his family name, as part of the firm name of plaintiffs, is proper.

[9] ID.—ESTOPPEL—LACHES—FINDINGS.—In this action in which plaintiffs sought to enjoin the defendants from engaging in the same kind of business as plaintiffs, using a name similar to that used by plaintiff but which was the family name of one of the defendants, the contention of plaintiffs that said defendant was estopped from seeking affirmative relief by reason of his laches was disposed of by the findings of the trial court to the effect that after plaintiffs became partners said defendant occasionally visited their office, but his attention was not called to the fact

that plaintiffs were doing business under a fictitious partnership name bearing the family name of said defendant, nor did he know of the adoption of said name at the time of the filing of the certificate thereof with the county clerk, nor until after some lapse of time, when he learned of the bringing of suits under said fictitious name, and that "the defendant has acted with reasonable diligence in the premises and is not guilty of laches."

(1) 38 Cyc., p. 820, n. 88. (2) 38 Cyc., p. 807, n. 54. (3) 38 Cyc., p. 807, n. 55. (4) 38 Cyc., p. 755, n. 47. (5) 38 Cyc., p. 809, n. 59. (6) 38 Cyc., p. 809, n. 59. (7) 38 Cyc., p. 816, n. 75. (8) 38 Cyc., p. 807, n. 55. (9) 38 Cyc., p. 883, n. 38.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Walter Perry Johnson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jacob S. Meyer and John Prosek for Appellants.

H. M. Anthony and Gus C. Ringole for Respondents.

KNIGHT, J.—Plaintiffs, Samuel C. Tomsky and Lee Andrew Cole, as copartners doing business under the firm name of Rauer Collection Company, and the corporate defendant, Rauer's Law and Collection Company, Inc., of which the individual defendants Roy E. Clark, J. J. Rauer and H. S. Smith are officers and stockholders, are engaged in the same kind of business in the city and county of San Francisco, that of collecting debts. Plaintiffs commenced this action to enjoin said defendants from using the name "Rauer's Law and Collection Company, Inc." in connection with said corporate defendant's business. All defendants, excepting Rauer, joined in an answer denying certain allegations of the complaint and interposing two special defenses. The defendant Rauer answered separately, and besides denying material allegations of the complaint, added a cross-complaint asking that plaintiffs be restrained from using the name "Rauer" in connection with plaintiffs' business. The trial court found generally in favor of the defendants and gave judgment denying the relief prayed for in plaintiffs' complaint, and enjoining plaintiffs from using the name of Rauer in connection with their business. Plain-

tiffs have appealed. The evidence in the case is not before us, the appeal having been taken upon the judgment-roll alone; therefore, the main question presented is whether the findings are legally sufficient to support the judgment.

The findings establish the following facts: For twenty-five years preceding 1913 defendant J. J. Rauer was engaged in the business of collecting debts in San Francisco, and during the latter portion of that time operated said business under the corporate name ''Rauer's Law and Collection Company,'' a corporation organized by Rauer with himself as the owner of the entire capital stock. In 1913 Rauer sold his stock to his nephew, R. J. Graf, who continued the business under the said corporate name until his death in October, 1917. Subsequently the ownership of the stock passed through W. L. Claiborne to William and S. C. Tomsky. After the death of Graf the business of said corporation did not prosper. William Tomsky died, but said corporation continued to function under the direction of Samuel C. Tomsky until March, 1921, when it was abandoned and its powers were suspended for nonpayment of taxes. Its corporate existence was never thereafter revived. After the death of William Tomsky and before the abandonment and suspension of said corporation plaintiffs Tomsky and Cole, desiring to avail themselves of the benefits of the Rauer name, formed a partnership under the fictitious name of ''Rauer Collection Company,'' and on March 18, 1919, duly filed a certificate of partnership to that effect; thereafter, and until the time of the abandonment of said corporation, the affairs of said partnership and said corporation, were transacted in the same office. The findings further show that prior to the abandonment of said corporation the said S. C. Tomsky collected, in some instances, and in others renewed, various judgments standing in favor of said corporation by assigning the same to himself and to said copartnership and bringing suits in his own name; that said corporation during the latter part of its existence failed to remit its collections and had many judgments rendered against it; ''that the plaintiffs above named told people on occasions that they had no connection with said defunct corporation, but at the same time said plaintiffs continued to collect old judgments obtained in the name of Rauer's Law and Collection Company''; the court further found

that neither at the time of the formation of said partnership nor at any other time was there anyone named Rauer interested in or associated with said partnership; nor did defendant Rauer ever give to either of said plaintiffs or to anyone else permission to use that name in connection with a collection agency; nor was there any person by the name of Rauer, in said city of San Francisco, who had been engaged in or connnected with the law and collection business other than the defendant Rauer; and that the fictitious name "Rauer Collection Company," has been used by plaintiffs, at all times, for the purpose of deceiving the public. The present corporation "Rauer's Law and Collection Company, Inc.," was organized by the defendants Rauer, Clark and Smith on May 10, 1922, and has since been actively engaged in the collection business. Defendant Clark is the president and general manager thereof and defendant Rauer is the secretary-treasurer, and owns a substantial interest therein. The court further found that on account of Rauer's ability as a collector prior to 1919 he enjoyed public confidence and built up a large and lucrative business; that because of certain loose and unbusinesslike methods employed by plaintiffs in the operation of their copartnership business, in relation to the matter of accounting to clients for collections, said copartnership has not been held in good repute and that "aspersions have been cast upon his [Rauer's] name" which has subjected him to humiliation and embarrassment. It was further found that the development of plaintiff's business has been due to the deception of the public in the use of the name Rauer; and that the use of said name by plaintiffs is unfair to Rauer. In reference to the new corporation, the court found that in organizing the same, and in conducting the business thereunder, said defendants have not deluded or deceived the public as to the identity of said corporation nor as to the persons connected therewith, and that any confusion which may have arisen by the adoption of said corporate name has not been due to unfair practices on the part of defendants. Additional findings were made by the trial court, but the above constitute the principal findings and will suffice for all purposes, we think, in considering the legal problems presented by the appeal.

[1] Appellants contend that they are entitled to relief against respondents upon the ground of unfair competition. They make no claim of ownership to the use of said name through privity of interest with Rauer nor as a result of their previous relationship with said defunct corporation, their contention being based solely upon the proposition that there is no inhibition in this state against the adoption of the family name of another in connection with a business enterprise, and that, as copartners, having adopted the name "Rauer Collection Company," and having duly filed a certificate of copartnership to this effect, they were first in the field doing business under such name and that therefore equity will, in the interest of fair commercial dealing, protect them in the use of said name. In order to prove a complete case of unfair competition against respondents, however, it was necessary for appellants to establish, as alleged in their complaint, two essential elements, first, "that by care, attention, skill and strict adherence to business" they had built up an "extensive, valuable and profitable" business; and, secondly, that respondents, by the fraudulent use of said corporate name and by unfair and fraudulent practices, were deceiving and misleading the public, and were thereby seeking to deprive appellants of their customers and trade (*Yellow Cab Co.* v. *Sachs,* 191 Cal. 238 [28 A. L. R. 105, 216 Pac. 33]). Appellants did not prove either of those issues. In reference to the first one the trial court found that the firm name of "Rauer Collection Company" was being used by appellants "so as to deceive the public; that they have no right to the name of Rauer and that their business, whatever the same may be, has been built upon the deceptive and fictitious use of the name of Rauer and their strength in business is in the use of said defendant's name and not in the use of any one of their own names." And upon the second issue, after finding adversely upon certain alleged specific acts of unfair and fraudulent practices, the court concluded with the finding: "that nothing has been done by defendants or any of them, tending to deceive the public or to divert to defendants, or any of them, business intended for plaintiff's firm. . . . "

[2] The mere fact that appellants filed a certificate of copartnership to operate a business under the family name of another gave them no perpetual right to the use of such

73 Cal. App.—27

name to the exclusion of the real owner thereof so as to deprive him from ever afterward engaging in the same kind of business in his own name or through the medium of a corporation bearing his name.  And it would have made no difference even if there had been someone connected with appellants' firm by the name of Rauer (*Morton* v. *Morton,* 148 Cal. 142 [1 L. R. A. (N. S.) 660, 82 Pac. 664].)  **[3]** The right to do business under one's own name is one of the sacred rights known to the law; and a family name is incapable of exclusive appropriation and cannot be thus monopolized (Nims on Unfair Competition and Trade Marks, 2d ed., sec. 67).

**[4]**  Every man has the absolute right to use his own name in his own business even though he may interfere with and injure the business of another bearing the same name; provided he does not resort to any artifice or do any act calculated to mislead the public as to the identity of the establishments or to produce injury to the other beyond that which results from the similarity of names (*Meneely* v. *Meneely,* 62 N. Y. 427 [20 Am. Rep. 489]; *Howe Scale Co.* v. *Wyckoff, Seamens, etc.,* 198 U. S. 118 [49 L. Ed. 972, 25 Sup. Ct. Rep. 609, see, also, Rose's U. S. Notes]; *Hilton* v. *Hilton,* 89 N. J. Eq. 182 [L. R. A. 1918F, 1174, 104 Atl. 375]; *Rogers & Rogers Bros.* v. *Rogers,* 53 Conn. 156 [55 Am. Rep. 78, 5 Atl. 675]; *McLean* v. *Fleming,* 96 U. S. 252 [24 L. Ed. 828, see, also, Rose's U. S. Notes]; *Marshall* v. *Pinkham,* 52 Wis. 585 [38 Am. Rep. 756, 9 N. W. 615]). **[5]**  As just stated, equity will not allow a person to resort to artifice or contrivance in the use of his name as a result of which the public is deceived as to his business or products. But in such case it is not the use of a man's own name that is condemned, it is the dishonesty practiced in the use of it (*Morton* v. *Morton, supra; Weinstock* v. *Marks,* 109 Cal. 529 [50 Am. St. Rep. 57, 30 L. R. A. 182, 42 Pac. 142]; *Dodge Stationery Co.* v. *Dodge,* 145 Cal. 380 [78 Pac. 879]; *Howe Scale Co.* v. *Wyckoff, supra; Burns* v. *Wm. J. Burns Detective Agency,* 235 Mass. 553 [127 N. E. 334]; *Thompson* v. *Thompson Yds.,* 144 Minn. 298 [175 N. W. 550]). **[6]** Where it appears, however, as it does here, that the party sought to be enjoined has a right to use his own name and he does so reasonably and honestly, he is not obliged to abandon the use thereof or to unreasonably restrict it, whether used

in a firm or corporation, merely because some confusion may have arisen from similarity of names (*Howe Scale Co.* v. *Wyckoff, supra*). Appellants' complaint against respondents is far less meritorious than any of those considered in the cases above cited for the reason that here there never has been any person connected with appellants' firm who bore the name they are seeking to monopolize.

We do not find any of the cases cited by appellants upon the question of unfair competition in point, for the reason that they either do not involve family names or else do involve facts showing privity of interest between the parties, or fraudulent and dishonest practices committed by the party sought to be enjoined. As already pointed out, neither of those latter elements is present in the instant case.

[7] We are also of the opinion that the findings are sufficient to sustain the judgment rendered upon the cross-complaint. Without repeating the specific findings bearing upon this branch of the case, it may be said generally that they show that appellants adopted Rauer's name as a part of their firm name without his consent, seeking to take advantage of his former business reputation as a collector, and thereby leading the public to believe that he was personally connected with their firm; that Rauer is now lawfully engaged in the same character of business, and that the operation of appellants' business under said fictitious name is not only deceiving the public as to the identity of the business, but the manner in which appellants have operated it has been injurious to Rauer's business and reputation. Under such circumstances we believe the case has been brought clearly within the rule of the following cases: *Edison* v. *Edison Polyform & Mfg. Co.*, 73 N. J. Eq. 136 [67 Atl. 392] ; *Edison* v. *Continental Chemical Co.*, 220 Fed. 398 ; *C. H. Bachelder & Co., Inc.*, v. *Bachelder*, 220 Mass. 42 [107 N. E. 455] ; *Scheer* v. *American Ice Co.*, 32 Misc. Rep. 351 66 N. Y. Supp. 3] ; *Sage Foundation Home Co.* v. *Sage Forest Hill Association*, 119 Misc. Rep. 669 [197 N. Y. Supp. 877]. Under the conditions above stated appellants' business, if allowed to continue under its present name, would be unfair, in the legal sense, both to the respondents and to the public, and may therefore be enjoined (*Sage Foundation Home Co.* v. *Sage Forest Hill Association, supra; Fisher* v. *Star*

*Co.,* 231 N. Y. 414 [19 A. L. R. 927, 132 N. E. 133]; *Material Men's Assn.* v. *New York Material Men's Assn., Inc.,* 169 App. Div. 843, 155 N. Y. Supp. 706]).

[8] The form of action was one in which it was proper to file a cross-complaint (Code Civ. Proc., sec. 442; *Fite* v. *Dorman* (Tenn.), 57 S. W. 129; *Bachelder & Co.* v. *Bachelder, supra*).

[9] The contention made by appellants that respondent Rauer is estopped from seeking affirmative relief by reason of his laches is disposed of by the findings "that after plaintiffs became partners, as aforesaid, said Rauer occasionally visited the office in which plaintiffs' business and the business of said corporation, Rauer's Law & Collection Co., was carried on together, but the attention of said Rauer was not called to the fact that plaintiffs were doing business under said fictitious partnership name of Rauer Collection Company, nor did he know of the adoption of said name at the time of the filing of the certificate thereof with the county clerk nor until after some lapse of time, when said Rauer learned of the bringing of suits under the name of Rauer Collection Company," and that "the defendant has acted with reasonable diligence in the premises and is not guilty of laches."

We find nothing inconsistent in the findings; they are supported by the pleadings, and, in our opinion, sustain the judgment. The judgment is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 27, 1925.

Knight, J., *pro tem.,* did not participate.