[Civ. No. 5782. Third Appellate District.—April 13, 1937.]

THE IDA MAY CO., INC., Appellant, v. IDA MAY EN-SIGN, Respondent.

Paul M. Joseph and Leonard J. Meyberg for Appellant.

MacFarlane, Schaefer, Haun & Mulford and Raymond V. Haun for Respondent.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered against it in a suit for damages and to enjoin the defendant from employing her own personal name of "Ida May" as a part of the name under which she conducts a similar business. On the theory that no fraud or deceit was exercised by the defendant in conducting her business under the name of "Ida May Ensign" it was determined there was no infringement of the plaintiff's alleged trademark and no unfair competition established by the proof which was adduced.

The plaintiff is a corporation engaged in the mercantile business of selling at retail a special high-class grade of women's wearing apparel, with a permanent place of business at 726 South Flower Street in the city of Los Angeles. The complaint is couched in two counts. The first cause of action charges the defendant, Ida May Ensign, with unfair trade practices in the conducting of a similar business at 3258 Wilshire Boulevard in the same city, to the damage of plaintiff. The second count alleges that in 1934 the plaintiff registered with the Secretary of State, pursuant to law, the trade name of "Ida May" as its exclusive property to be used in connection with its said business, and that the

defendant, Ida May Ensign, thereafter infringed upon plaintiff's said trade name by the use of her own name in her separate business. The plaintiff sought to enjoin the defendant from infringing on said trade name and from continuing to use that name in connection with her business, and demanded judgment for damages for said infringement and unfair trade practice, both of which were denied. Findings were adopted favorable to the defendant, and a judgment was rendered in her favor denying the injunction and providing that the plaintiff take nothing by its action.

The appellant concedes that the evidence is conflicting and that it must therefore be assumed the record adequately supports the findings. But it is contended the findings are ambiguous and insufficient to determine the issues proffered by the pleadings, and that the judgment is not supported by the findings. It is chiefly asserted that the court failed to affirmatively find that the defendant, Ida May Ensign, did not infringe on plaintiff's exclusive trademark, "Ida May".

The question of law to be determined is whether the plaintiff, The Ida May Co., Inc., could lawfully claim the exclusive right to register according to law and use in its mercantile business the Christian and middle names of the defendant, "Ida May", so as to preclude her from thereafter employing the use of her own name in connection with the maintenance and operation of her own business independently of the plaintiff's business.

We are of the opinion there is no merit in appellant's contention that the findings are ambiguous or insufficient to support the judgment. An elaborate set of findings was adopted. With specific reference to the allegations of the complaint, the court affirmatively found each issue, except the statements which were admitted by the answer, to be untrue. The court further specifically found all of the new matter affirmatively alleged in the answer to be true. Moreover, the court also found:

"That each and all of the allegations of plaintiff's complaint not admitted by the pleadings and not herein specifically found to be true are untrue, and that each and all of the allegations of the answer and affirmative defense of the defendant Ida May Ensign not herein specifically found to be untrue are true."

In effect the court has clearly found that in 1912 the plaintiff was incorporated under the name of Stuart McCrossin Company and engaged in a general millinery business in Los Angeles, in which corporation the defendant, Ida May Rohrer, then unmarried, was a stockholder, and the president; that in 1913 the company changed its name to "The Ida May Co., Inc." and changed its business from general millinery to the merchandising of a highly specialized class of women's apparel, which has ever since been conducted at 726 South Flower Street in Los Angeles; that the company used the trade name of "Ida May" in connection with its business on labels, wrappers and stationery; that the defendant married in 1919 and thereafter assumed the surname of her husband, being known as and called Ida May Ensign; that she became ill in 1934 and retired temporarily from active participation in the business; that soon thereafter the plaintiff filed its petition in bankruptcy and in an effort to compromise its indebtedness with creditors demanded of the defendant that she transfer her shares of stock to the company upon a threat to sell her stock for unpaid assessments or impose upon her a stockholder's liability; that she thereupon transferred her stock to the company without consideration and severed her interest and association with the company; that thereafter the corporation for the first time registered in the office of the Secretary of State pursuant to law the alleged trade name, "Ida May", as its exclusive property for use in its business, and recorded notice thereof in the county of Los Angeles; that in February, 1935, the defendant opened a similar business of merchandising women's wearing apparel on Wilshire Boulevard under the name of "Ida May Ensign", which was the true name by which she was known and called since her marriage in 1919; that she did not obtain or use a list of plaintiff's customers or attempt to solicit, entice or encourage any customer of the plaintiff to patronize her business; that she did not advertise or represent that she was interested in or connected with the plaintiff's business, but on the contrary explained to every customer who raised the question that she was in no way connected with that business; that she performed no act and made no statements to deceive customers into believing that she was interested in or connected with the plaintiff's business, and that none of plaintiff's customers were so deceived or misled by her conduct, acts or declarations to

the detriment of the plaintiff's business or otherwise. The court specifically determined in that regard:

"That it is true that the defendant has not at any time resorted to any artifice or done any act calculated to mislead the public or the customers and patrons of the plaintiff as to the identity of the respective establishments or to produce any injury to the plaintiff."

The court then followed these findings of facts with its conclusions of law, the only material one of which is that "The plaintiff is not entitled to any relief by reason of its complaint on file herein."

There are other conclusions which are couched in the form of declarations of law, clearly intended to determine that, since the defendant was guilty of no artifice or fraud in the conducting of her business or the use of her own name "Ida May Ensign" to identify her business, the plaintiff is not entitled to enjoin her from using that part of her own name which the corporation registered as its trademark for its own exclusive benefit.

The findings are not ambiguous. The court has specifically determined each material issue against the plaintiff. While the court did find that the plaintiff registered as its trademark the Christian and middle names of the defendant with the Secretary of State pursuant to law, after she had severed her connection with the corporation, and that the defendant did subsequently establish a similar business under her full name, including her Christian and middle names, it is also specifically found that she employed no artifice to deceive the public or to mislead any individual regarding the identity of the respective businesses, and that no act or conduct of the defendant did mislead or deceive any customer of the plaintiff or any individual in that regard.

It is well settled that while a person may confer rights by consent upon another to use his personal name as a trademark, ordinarily personal names may not become trademarks because, as between persons of the same or similar names, each has an equal right to use his own name in his own business. The right to consent to the use of a personal name by another party as a trademark is in conflict with the principle that trademarks become property rights which are necessarily exclusive in their nature. (*Tomsky* v. *Clark,* 73 Cal. App. 412 [238 Pac. 950]; 63 C. J. 358, sec. 54; *J. V. Boudrias Fils Ltee.* v. *Boudrias Freres Ltee.,* [Canada] 4

D. L. R. 328.)   In the present case there is no evidence that the defendant authorized the exclusive use of her name by the plaintiff as a trademark.

█   Since it is conceded in this case that the evidence supports the findings, and the findings specifically determine the fact that the defendant was guilty of no fraud, deceit or connivance to the detriment of plaintiff in the use of her own name to identify her business, the case of *Tomsky* v. *Clark, supra,* is decisive of this appeal.   The facts of that case are somewhat similar to this cause.   Regarding the inherent right of an individual to use his own name to identify his business, so long as he does not thereby deceive the public or other individuals to the detriment of his competitor, the court appropriately said in that case:

"The mere fact that appellants filed a certificate of co-partnership to operate a business under the family name of another gave them no perpetual right of such name to the exclusion of the real owner thereof so as to deprive him from ever afterward engaging in the same kind of business in his own name or through the medium of a corporation bearing his name.   And it would have made no difference even if there had been someone connected with appellants' firm by the name of Bauer (*Morton* v. *Morton,* 148 Cal. 142 [1 L. R. A. (N. S.) 660, 82 Pac. 664]).   The right to do business under one's own name is one of the sacred rights known to the law; and a family name is incapable of exclusive appropriation and cannot be thus monopolized (Nims on Unfair Competition and Trade Marks, 2d ed., sec. 67).

"Every man has the absolute right to use his own name in his own business even though he may interfere with and injure the business of another bearing the same name; provided he does not resort to any artifice or do any act calculated to mislead the public as to the identity of the establishments or to produce injury to the other beyond that which results from the similarity of names."

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 10, 1937.