[Civ. No. 14815.   Second Dist., Div. Two.   Mar. 27, 1945.]

HOYT HEATER COMPANY (a Limited Copartnership), Respondent, v. CHARLES H. HOYT, Appellant.

Peyton H. Moore for Appellant.

Harry J. McClean for Respondent.

McCOMB, J.—Defendant appeals on the judgment roll alone, from a judgment in favor of plaintiff, after trial before

the court without a jury, in an action to restrain defendant from using his name in a competitive business either alone or in combination with other words.

The undisputed facts are these:

The defendant, whose trade name is Charles H. Hoyt, has been engaged in the business of a plumber and water heater repairer in Los Angeles County for more than twenty years. Plaintiff and its predecessors in name and interest have been engaged in the business of manufacturing, selling, repairing and servicing water heaters in Los Angeles since 1911 under the trade name of Hoyt Heater Company and Hoyt Automatic Water Heater Company.

In January, 1931, the predecessors in interest of plaintiff filed in the superior court an action seeking to enjoin defendant from listing in the classified directory published by the Southern California Telephone Company, the trade name or names of defendant under or in connection with the word Hoyt. On January 21, 1931, the superior court on stipulation of counsel for the respective parties issued a temporary injunction restraining defendant from using the name of Hoyt unless said word was immediately followed by the letters or words, "C.H.," "Chas. H.," or "Charles H.," in the same type, on any truck, sign, or invitation to the public or trade. No further court action was taken in said cause until June, 1942, when proceedings were taken to compel defendant to enter a plea to the complaint filed in such action. At this time defendant moved to dismiss the action for lack of prosecution. The motion was granted. Thereafter, the present suit was instituted and the trial court found that defendant, with the express intent and calculated purpose to deceive and mislead the public and customers of plaintiff, was advertising his business in the classified telephone directory under the following fictitious trade names:

"Hoyt C. H. Co.

"Hoyt C. H. Automatic Water Heater Repair Service and Supply Co.

"A. A. Automatic Hoyt A-1 Water Heating Co.

"Automatic Hoyt Hot Water Heater Repair Service Co.[1]"

The trial court also found that by reason of the use of the

---

[1]Finding VI reads thus:

"That with the intent and for the purpose of diverting business from

word Hoyt by the defendant as above described, customers of plaintiff, of plaintiff's predecessors, and the general public have been deceived and misled into believing that defendant was the manufacturer and/or authorized representative of the plaintiff.[2]

the plaintiff and the predecessors of the plaintiff to the defendant and for the purpose of misleading the customers of the plaintiff and its predecessors and the general public into the belief that the said defendant is the authorized dealer and/or representative of the plaintiff and/or the manufacturer of the said HOYT HEATER and that in dealing with the said defendant they are doing business with the plaintiff, the said defendant has advertised his said business in the classified telephone directory published by the Southern California Telephone Company under the name of HOYT inserted in bold type in a multiplicity of combinations with other words, all with the express intent and calculated purpose to deceive and mislead the public, customers of the plaintiff and plaintiff's predecessors and users of heaters manufactured and serviced by the plaintiff; that by the use of the name HOYT displayed in such advertising media it was the intent of defendant that it should be understood by customers of the plaintiff and users of plaintiff's products and service and by the general public that the defendant is the manufacturer of the HOYT HEATER and/or the authorized dealer and/or representative of the plaintiff.

"That as the date of the trial the defendant, whose true name is Charles H. Hoyt, sometimes used as Chas. H. Hoyt and C. H. Hoyt, was doing and advertising his business in the classified telephone directory published by the Southern California Telephone Company under the following fictitious trade names:

HOYT C. H. CO.

HOYT C. H. AUTOMATIC WATER HEATER REPAIR SERVICE & SUPPLY CO.

A. A. AUTOMATIC HOYT A-1 WATER HEATING CO.

AUTOMATIC HOYT HOT WATER HEATER REPAIR SERVICE CO.

"That no one is interested in the defendant's business except the defendant."

2Finding VII reads thus:

"That by reason of the use of the word HOYT by the defendant as herein found to be used in advertising said business and listing said business in the said classified directory customers of the plaintiff and of the plaintiff's predecessors and the general public have been deceived and misled into believing that the said defendant conducts at the place in his advertisements and listings, which was at the time of trial 2044 Hillhurst Avenue, Los Angeles, California, an authorized HOYT agency for the repair of HOYT HEATERS and/or that the said defendant was and is the manufacturer and/or authorized representative of the manufacturer of the HOYT HEATER and that the defendant rendered service on the said heater either as its manufacturer or as authorized by the manufacturer; that numerous customers of the plaintiff and the general public have authorized the defendant to render repair service believing that the said defendant was the manufacturer or the manufacturer's agent for the rendering of service on the so-called HOYT HEATER; that much work has been done by the defendant in the repair of HOYT HEATERS which would not have been authorized by the respective owners except for the confusion caused by the defendant's use of the name HOYT as herein shown to be used and for the deception

There are four questions presented for our determination which will be stated and answered hereunder seriatim:

■ First: *Did the trial court's finding show that defendant perpetrated an act of deception or of unfair dealing in advertising his business under his own name?*

This question must be answered in the affirmative. Finding VI, quoted in footnote 1, specifically found that defendant, "for the purpose of misleading the customers of plaintiff and its predecessors and the general public into the belief that" defendant was the authorized dealer and/or representative of the plaintiff, had advertised his name in the classified telephone directory published by the Southern California Telephone Company under the name of HOYT with the express intent and calculated purpose to deceive and mislead the public.

■ Since the present appeal is on the judgment roll alone the findings will be *conclusively* presumed to be supported by the evidence. (*Estate of Mautner,* 38 Cal.App.2d 521, 522 [101 P.2d 520]; *Coffey* v. *Los Angeles Firemen's R. Assn.,* 22 Cal.App.2d 510, 511 [71 P.2d 328].)

Therefore, the foregoing mentioned finding clearly demonstrates that defendant perpetrated an act of deception and unfair dealing in advertising his business under his own name.

■ Second: *Was the injunction too broad in not permitting defendant to operate and to advertise his business under his own name?*

This question must be answered in the negative, and is governed by this rule: That one must use his own name honestly and not as a means of pirating the goodwill and reputation of a business rival; and where he cannot use his own name without inevitably representing his goods as those of another he may be enjoined from using his name in connection with his business. (*Hat Corp. of America* v. *D. L. Davis Corp.,* 4 F.Supp. 613, 619; *Kaufman* v. *Kaufman,* 123 N.Y.S. 699. See, also, 150 A.L.R. (1944), pp. 1098 and 1107; *Martin Co.* v. *L. Martin & Wilckes Co.,* 75 N.J.Eq. 39, 50 [71 A. 409].)

It is evident from the findings of the trial court that defendant could not use his own name in advertising his business

practiced by the defendant and the confusion resulting from such use of the name of HOYT; that in consequence of such confusion and misleading the plaintiff's profits have been decreased and customers lost by the plaintiff."

without confusing and misleading the public to the detriment of plaintiff; therefore the trial court was justified in making the order here attacked.

*Dunston* v. *Los Angeles Van etc. Co.,* 165 Cal. 89 [131 P. 115], is inapplicable to the present case for the reason that in such case there was no finding of fraud, deceit or unfair competition, while in the instant case the trial court expressly found that there was fraud, deceit and unfair competition.

*Dodge Stationery Co.* v. *Dodge,* 145 Cal. 380 [78 P. 879], is inapplicable to the facts in the instant case since in such case there was no issue of secondary meaning, while in the case at bar the trial court expressly found that the word Hoyt had acquired a secondary meaning, thus bringing the case within the application of the rule of law hereinbefore stated.

*American Automobile Association* v. *American Automobile Owners Assn.,* 216 Cal. 125 [13 P.2d 707] and *Ida May Co.* v. *Ensign,* 20 Cal.App.2d 339 [66 P.2d 727] are likewise not in point. In such cases the court found as a fact that the defendants had not resorted to any artifice or act calculated to mislead the public or customers of the plaintiffs, while in the instant case the court found expressly to the contrary.

▉ Third: *Did the trial court commit prejudicial error in issuing the injunction where there was a finding that the plaintiff's damages were inconsequential?*

This question must likewise be answered in the negative for the reason that plaintiff waived, upon stipulation of counsel, the right to an accounting and damages in excess of a nominal amount. The trial court's finding being: "That upon stipulation of counsel for the plaintiff waiving an accounting and damages in excess of a nominal amount the court finds no necessity for an accounting and [fixes] damages in the sum of $5.00."

▉ Fourth: *Was plaintiff (a) estopped to prosecute the present action, or (b) guilty of laches?*

This question must also be answered in the negative.

(a) The trial court expressly found that plaintiff was "not estopped to institute or prosecute" the present action.[3]

---

[3]Finding XIV reads thus:

"That on the issue of estoppel tendered by the second defense to plaintiff's first cause of action the court finds that in January 1931 the predecessor of the plaintiff herein filed in the above-entitled court a bill in equity to enjoin the defendant from listing in the classified directory published by the Southern California Telephone Company

(b)   The defense of laches was not pleaded or raised by defendant at the time of the trial, and such defense may not be raised for the first time on appeal.  (*Allen* v. *Meyers,* 5 Cal.2d 311, 316 [54 P.2d 450] ; *Lotts* v. *Board of Park Commrs.,* 13 Cal.App.2d 625, 636 [57 P.2d 215].)

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.) J., concurred.

trade name or trade names of the defendant under or in connection with the word HOYT; that on January 26, 1931, the above-entitled court on stipulation of counsel of respective parties in said action issued a temporary injunction restraining the defendant from using the name HOYT unless said word was immediately followed by the words C.H. CHAS. H., or CHARLES H. in the same type on any truck, sign or other invitation to the public or trade; that no further court action was taken in said proceeding until June 1942, when said action was dismissed upon motion of the defendant in said action who is also the defendant in the above-entitled action; the court further finds that the plaintiff in the action at bar is not estopped to institute or prosecute the bill in equity herein.''