[Civ. No. 7076. Fourth Dist. Mar. 20, 1963.]

WILLIAM P. VISSER et al., Plaintiffs and Respondents, v. ALBERT MACRES, Defendant and Appellant.

Joel E. Ogle for Defendant and Appellant.

Betts, Ely & Loomis and Ingall W. Bull, Jr., for Plaintiffs and Respondents.

COUGHLIN, J.—The issue on this appeal is whether the use of a business name incorporating the name of the person using the same, under the circumstances, constituted unfair competition.

In July 1956, the plaintiffs, respondents herein, purchased a florist business from the defendants Mary Macres and Eliz-

abeth Fischle who are the mother and sister, respectively, of the defendant, Albert Macres, the appellant herein. At the time of purchase the business in question was operated by the sellers in the City of Anaheim under the name of "Macres Florist"; occupied a storeroom owned by them; and produced annual sales approximating $10,000. The sale included stock in trade, fixtures, good will and the right to use the business name. As a part of the transaction the plaintiffs leased the storeroom formerly occupied by the business for a term of five years. Thereafter they operated the business which they had purchased under the name of "Macres Florist"; over a period of five years, by advertising and otherwise, increased the annual sales thereof from $10,000 to $90,000; and, upon expiration of their lease, moved to a building which they had constructed across the street, but in the same block. Thereupon, the defendant, Albert Macres, who owned and operated a florist business in the City of Santa Ana under the name of "Macres Florist," declared his intention to occupy the storeroom formerly occupied by the plaintiffs; to remodel the same; and to operate a florist shop therein under the name of "Macres Florist." In this connection Mr. Macres obtained a telephone listing under this name at the place of business in question, and procured telephone directory advertising under the title of "Macres Florist" which, contrary to the fact, inferred that the advertiser had done business in the City of Anaheim over a period of years. Thereupon, the plaintiffs brought this action to enjoin the defendants' use of the name "Macres Florist" in connection with any florist business in the City of Anaheim, contending that such use constituted an act of unfair competition enjoinable under the provisions of section 3369 of the Civil Code. Judgment was rendered in favor of the plaintiffs, and the defendant Albert Macres, alone, appeals.

The court found the existence of the facts heretofore stated, and also found that "to the general public in the City of Anaheim the name Macres Florist means the florist shop of the plaintiffs"; that Albert Macres "never operated a florist shop located within the City of Anaheim"; that "the operation in the City of Anaheim of a floral shop under any name which includes the word 'Macres' would result in a benefit to Albert Macres from good will originally sold by defendants Mary E. Macres and Elizabeth T. Fischle to plaintiffs"; that the "operation by the defendant Albert Macres of a florist shop in the City of Anaheim that used the name Macres in its title will and does lead to confusion and deception to

the public"; that "substantial confusion" has resulted from the existence of the telephone installed by him in that "substantially all of the people" who called its number "believed that they were contacting the Macres Florist shop owned and operated by the plaintiffs"; that "the defendant Albert Macres in the operation of his floral business had been known and is respected and in his attempts to open up a floral shop in the City of Anaheim did not act fraudulently one iota"; and that the "use of the name Macres in the title or advertising of any other florist shop in the City of Anaheim will tend to cause, has caused and will cause confusion and deception to the public."

■ As this appeal is taken on the judgment roll alone, the foregoing findings are conclusively presumed to be supported by the evidence. (*Hoyt Heater Co.* v. *Hoyt,* 68 Cal.App.2d 523, 527 [157 P.2d 657].)

■ In the absence of fraud, unfair practice, or any agreement to the contrary, a person has a right to use his own name in his own business, even though it is the same as that of another used in a competing business. (*D & W Food Corp.* v. *Graham,* 134 Cal.App.2d 668, 673 [286 P.2d 77]; *Ida May Co., Inc.* v. *Ensign,* 20 Cal.App.2d 339, 343 [66 P.2d 727]; *Tomsky* v. *Clark,* 73 Cal.App. 412, 418 [238 P. 950].)

■ However, where a business name incorporating the name of a person has acquired a secondary meaning, the subsequent use of that name by another person which is calculated to deceive and confuse the public, although it be the name of the latter, will be enjoined under the law which prohibits unfair competition. (*Academy of Motion Picture etc. Sciences* v. *Benson,* 15 Cal.2d 685, 688-690 [104 P.2d 650]; *Hair* v. *McGuire,* 188 Cal.App.2d 348, 352-353 [10 Cal.Rptr. 414]; *MacSweeney Enterprises Inc.* v. *Tarantino,* 106 Cal. App.2d 504, 510 [235 P.2d 266]; *Jackman* v. *Mau,* 78 Cal. App.2d 234, 239 [177 P.2d 599]; *Winfield* v. *Charles,* 77 Cal. App.2d 64, 70 [175 P.2d 69]; *Hoyt Heater Co.* v. *Hoyt, supra,* 68 Cal.App.2d 523, 527; *J. A. Dougherty's Sons* v. *Dougherty,* 36 F.Supp. 149, 151.) ■ Such secondary meaning grows out of long association of the name with the business, and thereby becomes the name of the business as such; is acquired when the name and the business become synonymous in the public mind; and submerges the primary meaning of the name as a word identifying a person, in favor of its meaning as a word identifying that business. (*Academy of Motion Picture etc. Sciences* v. *Benson, supra,* 15 Cal.2d 685, 688-690;

*Family Record Plan, Inc.* v. *Mitchell,* 172 Cal.App.2d 235, 243 [342 P.2d 10] ; *Horlick's Malted Milk Corp.* v. *Horlucks, Inc.,* 59 F.2d 13, 15; *J. A. Dougherty's Sons* v. *Dougherty, supra,* 36 F.Supp. 149, 151.)　■　Ordinarily, whether a business name has acquired a secondary meaning is a question of fact. (*Jackson* v. *Universal Internat. Pictures, Inc.,* 36 Cal.2d 116, 121 [222 P.2d 433] ; *West* v. *Lind,* 186 Cal.App.2d 563, 567 [9 Cal.Rptr. 288] ; *Family Record Plan, Inc.* v. *Mitchell, supra,* 172 Cal.App.2d 235, 243.) In the instant case the trial court found, and thus established, that the name ''Macres Florist'' has acquired a secondary meaning in the City of Anaheim, *viz.,* that it there means the florist shop owned and operated by the plaintiffs.

■　An injunction against the use of a person's name to identify his business because that name previously has acquired a secondary meaning through its use in identifying another business, is not directed against the mere use of that name in that person's business, but against the deception and confusion which may result from such use because it then lawfully and singularly identifies another, similar, preexisting business. (*Academy of Motion Picture etc. Sciences* v. *Benson, supra,* 15 Cal.2d 685, 690; *Tomsky* v. *Clark, supra,* 73 Cal.App. 412, 418.)

■　In determining whether the public will be deceived or confused by the similarity of names which identify different businesses, the court, among other factors, may consider whether the two businesses are competitive *(MacSweeney Enterprises, Inc.* v. *Tarantino, supra,* 106 Cal.App.2d 504, 512), and whether they are in a confined geographical area. (*D & W Food Corp.* v. *Graham, supra,* 134 Cal.App. 2d 668, 677.) In any event, the issue ordinarily is one of fact. (*Schwartz* v. *Slenderella Systems of Cal., Inc.,* 43 Cal.2d 107, 112 [271 P.2d 857].) In the instant case, the foregoing factors indicate the likelihood of deception and confusion. The trial court found, and thus established for the purpose at hand, that use of the name ''Macres'' in the title or advertising of any florist shop in the City of Anaheim other than that owned and operated by the plaintiffs, not only would tend to deceive and confuse but also actually has deceived and confused the public.

■　The defendant-appellant contends that a person may not be enjoined from using his name to identify his business, even though that name theretofore has acquired a secondary meaning in identifying another competing business, unless in so doing he is guilty of actual fraud; that this pos-

ition is supported by the decisions in *D & W Food Corp.* v. *Graham, supra,* 134 Cal.App.2d 668, and similar cases; that the trial court found that "in his attempts to open a floral shop in the City of Anaheim [he] did not act fraudulently"; and, therefore, the judgment enjoining him from doing so should be reversed. The cases cited are not factually similar to the case at bar in that they do not involve situations where the subsequent use of a person's name, previously acquiring a secondary meaning, deceived or confused the public. The relief requested by the plaintiffs is that afforded by section 3369 of the Civil Code which provides: "Any person performing or proposing to perform an act of unfair competition within this State may be enjoined in any court of competent jurisdiction"; and "As used in this section, unfair competition shall mean and include unfair or fraudulent business practice and unfair, untrue or misleading advertising. . . ." It has been noted that the subject section refers to unfair competition "or" fraudulent business practice in the disjunctive. (*D & W Food Corp.* v. *Graham, supra,* 134 Cal.App.2d 668, 675; *Karsh* v. *Haiden,* 120 Cal.App.2d 75, 83 [260 P.2d 633]; *Wood* v. *Peffer,* 55 Cal.App.2d 116, 124 [130 P.2d 220].) Accordingly, the courts have held that in determining what constitutes an unfair business practice, the essential test is whether the public is likely to be deceived or confused (*Winfield* v. *Charles, supra,* 77 Cal.App.2d 64, 71); that a business practice may be unfair even though not inspired by a fraudulent intent; and that the subsequent use of a business name which previously has acquired a secondary meaning will be enjoined if a natural consequence of that use may be to deceive or confuse the public, even though no actual intent to defraud is present. (*D & W Food Corp.* v. *Graham, supra,* 134 Cal.App.2d 668, 676; *Karsh* v. *Haiden, supra,* 120 Cal.App.2d 75, 83; *MacSweeney Enterprises, Inc.* v. *Tarantino, supra,* 106 Cal.App.2d 504, 513; *Jackman* v. *Mau, supra,* 78 Cal.App.2d 234, 240; *Wood* v. *Peffer, supra,* 55 Cal.App. 2d 116, 124; *Hoover Co.* v. *Groger,* 12 Cal.App.2d 417, 419 [55 P.2d 529]; *Lane Bryant, Inc.* v. *Maternity Lane, Ltd.,* 173 F.2d 559, 564.)

The defendant contends that the foregoing rule does not apply to personal name situations, and in support of this contention refers to that portion of the opinion in *D & W Food Corp.* v. *Graham, supra,* 134 Cal.App.2d 668, 675-676, wherein the court said that: ". . . in the cases involving the use of one's own name injunctions have been usually granted only where there was a showing of actual fraud, that is, the

defendant resorting to artifice in the use of his name with actual intent to deceive.'' In the cited case the use of the personal business name against which an injunction was sought was not such as to deceive or confuse the public. As a consequence, the quoted statement therefrom upon which the defendant relies to support his position, is merely dicta. ▮ Section 3369 of the Civil Code, which authorizes injunctive relief against any unfair business practice, makes no distinction between the unfairness in a business practice involving the use of a nonpersonal business name, which has acquired a secondary meaning, the natural consequence of which may be to deceive or confuse the public, and the use of a personal business name under similar circumstances. ▮ The courts have held that actual fraud by the user is not an element of unfair practice resulting from such use in the former situation and no reason exists for concluding that the same rule should not apply to the latter situation. In either event, the public is deceived and confused. For this reason, it must be held that an element of fraud is present in all unfair practice situations involving an enjoinable subsequent use of a name that has acquired a secondary meaning, although the fraud involved may be constructive rather than actual. Where there is no actual intent to deceive or confuse but the conduct sought to be enjoined, nevertheless, as a natural consequence, is likely to deceive or confuse, it constitutes a constructive fraud upon the public. In *Dodge Stationery Co.* v. *Dodge,* 145 Cal. 380, 389 [78 P. 879], where a business name, i.e., ''Dodge'' was part of the name of a competing corporation, the court said: ''If the name so adopted was so similar to the name of the prior corporation as 'to create confusion and enable the latter corporation to obtain, by reason of the similarity of names, the business of the prior one', injunction will lie to restrain the simulation so far as may be necessary to protect the rights of the prior corporation, even to the extent of prohibiting the use of the name at all, the courts interfering in such cases solely for the purpose of preventing fraud, actual *or constructive*'' (italics ours), and (p. 390) : ''It appears also to be immaterial in this connection whether or not such term, 'Dodge' was used on the signs with actual fraudulent intent. If the natural and necessary consequence of said defendant's conduct in this respect was such as to cause deception, said defendant, knowing the facts, must be held to the same responsibility even if it acted under the honest impression that no right of the plaintiff was invaded.'' A similar concept was expressed in *Hoyt Heater Co.* v. *Hoyt, supra,* 68 Cal.App.2d 523,

527, when the court stated that where a person "cannot use his own name without inevitably representing his goods as those of another he may be enjoined from using his name in connection with his business." Likewise, in *Jackman* v. *Mau, supra,* 78 Cal.App.2d 234, 240, the court said, in referring to the subject matter at hand: "This doctrine rests on the basis of fraud and may be invoked when there is present an intent to deceive, *or* the doing of things reasonably likely to deceive." (Italics ours.) So also in affirming an order granting an injunction against the use of a family name to identify a product, where that name previously had acquired a secondary meaning by which it identified a restaurant business, the court said, in *MacSweeney Enterprises, Inc.* v. *Tarantino, supra,* 106 Cal.App.2d 504, 513: "It is not essential to prove fraudulent intent. An injunction is proper if the natural consequences of defendant's conduct are such as to cause deception."

These expressions are authority for the proposition that where the name of a person has been used to identify a particular business, and thus has acquired a secondary meaning for that purpose, the subsequent deliberate use of that name in a similar manner by another person which tends to deceive or confuse the public constitutes a constructive fraud.

It cannot be denied that the consequences attendant upon the defendant's conduct in connection with his attempt to open a florist business in the City of Anaheim under the name of "Macres Florist" was such as to deceive and confuse the public. As found by the court, he proposed to open his competing business in the same location formerly occupied by the plaintiffs; caused advertisements to be placed in the telephone directory which used the name "Macres" as part of the title identifying the business which was the subject thereof; and inferred therein that he had operated a florist shop in the City of Anaheim for a number of years past. The court also found that his operation of a florist shop in the City of Anaheim under the name of Macres "will and does lead to confusion and deception to the public"; that the telephone listing and advertising heretofore related "has already and will continue to cause considerable confusion to the public"; that "substantially all of the people calling" the defendant's listed telephone number "believed that they were contacting the Macres Florist shop owned and operated by the plaintiffs"; and that "use of the name Macres in the title or advertising of any other florist shop in the City of Anaheim will tend to cause, has caused and will cause confusion and deception to

the public.'' These findings establish a constructive intent to defraud. The additional finding that ''in his attempts to open up a floral shop in the City of Anaheim [the defendant] did not act fraudulently one iota,'' in view of the other findings heretofore noted, at the most, may be considered only as a finding of the non-existence of an actual intent to deceive and confuse. The defendant's conduct, as expressly found by the court, actually did confuse and deceive the public. Also, as expressly found by the court, his conduct as a natural consequence, tended to confuse and deceive the public. Under these circumstances, the finding that he did not act fraudulently must be limited to the issue of actual fraud and is no defense to the request for injunctive relief, which may rest on constructive fraud.

The judgment is affirmed.

Griffin, P. J., and Brown (G.), J., concurred.